**DE PINHO VAZ v. SHAUGHNESSY.**

No. 101, Docket 22890.

United States Court of Appeals Second Circuit.

Argued Oct. 16, 1953.

Decided Nov. 9, 1953.

Caputi and Caputi, New York City, Sebastian P. Caputi, New York City, of counsel, for appellant.

J. Edward Lumbard, U. S. Atty., Harold J. Raby, Asst. U. S. Atty., and Lester Friedman, Attorney, Immigration and Naturalization Service, New York City, of counsel, for appellee.

Before L. HAND, SWAN and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This appeal presents interesting procedural questions as to the remedy available to a concededly deportable alien who contends that he has been denied the opportunity to present evidence as to his eligibility for suspension of deportation under § 19(c) (2) of the Immigration Act of 1917, as amended, formerly 8 U.S.C.A. § 155(c), now dealt with in the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1254.

The plaintiff is a native and citizen of Portugal, 42 years old. He first entered the United States as a stowaway in 1940. He resided here until his departure under a warrant of deportation in December 1945, when he returned to his family in Portugal for more than a year. He came back to the United States, again as a stowaway, in April 1947.[1] Since this entry he has resided here continuously. His wife and four of his five children still reside in Portugal. The other child came here as a stowaway in 1949. Deportation proceedings based on the plaintiff's 1947 entry resulted on April 5, 1951 in the issuance of a warrant for his deportation to Portugal. Thereupon he moved that his deportation hearing be reopened in order that he might apply for suspension of deportation under section 19(c) (2) of the Immigration Act of 1917, as amended. On April 27, 1953 the hearing officer denied the motion on the ground that the alien did not meet the seven year continuous-residence requirement of the statute. Another statutory requirement of eligibility for suspension of deportation is that a resident alien subject to service under the Selective Training and Service Act of 1940 shall not have claimed exemption from military service.[2] In December 1942 the plaintiff had made such a claim for exemption, but in his motion for reopening the deportation hearing, he asserted that he had not understood the legal consequences of claiming exemption nor been properly advised regarding them. On appeal from the hearing officer's denial of the motion, the Commissioner of Immigration, acting through the Assistant Commissioner, assumed that the plaintiff met the statutory requirements of eligibility but concluded that the conceded facts precluded the granting of either voluntary departure or suspension of deportation. The decision of the Commissioner of Immigration was appealed to the Board of Immigration Appeals. On November 1, 1951 the Board dismissed the appeal, stating "Upon full consideration of the entire record and the assertions made by counsel for the alien on appeal, we must affirm the decision of the Assistant

---

1. In making this entry he committed three criminal offenses: returning without permission 8 U.S.C.A. § 180(a); arriving as a stowaway, 18 U.S.C.A. § 2199; entry without inspection, 8 U.S.C.A. § 180a.

2. Sec. 28(c) of the Immigration Act of 1924 as amended, formerly 8 U.S.C.A. § 224(c), now 8 U.S.C.A. § 1101(19).

Commissioner." But the Board also stated that the alien's claim of exemption from military service rendered him ineligible for suspension of deportation. Shortly after the Board's decision the alien brought the present action under the Declaratory Judgment Act, 28 U.S.C.A. § 2201 and the Administrative Procedure Act, 5 U.S.C.A. § 1009, against the District Director of Immigration and Naturalization. Upon the complaint and answer, which incorporated the administrative record, defendant moved for summary judgment on the pleadings and dismissal for lack of indispensable parties. Upon the ground that the Commissioner of Immigration and Naturalization was an indispensable party, Judge Dimock dismissed the complaint without prejudice to further proceedings by plaintiff in a court having jurisdiction over the necessary parties. 112 F.Supp. 778.

In the light of Heikkila v. Barber, 345 U.S. 229, 73 S.Ct. 603, it may well be doubted whether habeas corpus, after the alien has been taken into custody under the warrant for deportation, is not the sole remedy for reviewing the order of deportation. The appellant contends, however, that Heikkila did not overrule the exception recognized in McGrath v. Kristensen, 340 U.S. 162, 71 S.Ct. 224, 95 L.Ed. 173 and that he is within that exception. The Kristensen case held that an administrative decision against a requested suspension of deportation under § 19(c) of the Immigration Act of 1917 (based solely on the ground that the alien was ineligible for naturalization by reason of having claimed exemption from military service) can be challenged in a suit for a declaratory judgment by an alien not in custody. The appellee argues that that case is distinguishable from the case at bar because the Commissioner's order of May 31, 1951 denying the appellant's motion to reopen the hearing, was made upon the assumption of the alien's eligibility for suspension of deportation and was a decision on the merits and not, as in Kristensen, solely on the basis of the alien's ineligibility for naturalization.[3] This would appear to be a valid distinction which puts the appellant's case outside the Kristensen exception, unless the Commissioner's decision on the merits was changed by the Board of Immigration Appeals. Doubt as to this is created by the final paragraph of the Board's opinion.[4] However it is unnecessary to resolve such doubt.

Assuming *arguendo* that the appellant could have brought a declaratory judgment action against the Attorney General and the Commissioner of Immigration, as in the Kristensen case, to establish his eligibility for suspension of deportation, he did not do so. He sued only the District Director of Immigration in New York. Judge Dimock held that the Commissioner and/or the Attorney General were indispensable parties. We agree, and see no occasion to add to his discussion and citation of authorities. Judgment affirmed.

3. The concluding paragraphs of the Commissioner's discussion read as follows:

"For our immediate purposes we will assume without conceding that the respondent meets the statutory requirements for suspension of deportation. Nevertheless he is a recent illegal entrant into the United States whose only close relative in the United States is a son whose emulation of his father's disregard of the immigration laws also resulted in his coming to the United States illegally.

"On the assumption that respondent is eligible for suspension of deportation and voluntary departure, the conceded facts should preclude either form of relief.

"Since the facts sought to be proved by counsel at the reopened hearing could not affect the decision, the motion will be denied."

4. "Suspension of deportation is available to an alien who is eligible for naturalization or, if ineligible, such ineligibility is solely by reason of his race. The record discloses that the respondent is not ineligible for naturalization by reason of his race. By filing DSS Form 301 he is debarred from becoming a citizen of the United States and therefore ineligible for suspension of deportation. Upon full consideration of the entire record and the assertions made by counsel for the alien on appeal, we must affirm the decision of the Assistant Commissioner. Accordingly, the appeal will be dismissed."