**Luis Alvaro CEBALLOS (y Arboleda), Plaintiff-Appellant,**

v.

**Edward J. SHAUGHNESSY, District Director of Immigration and Naturalization at the Port of New York, Defendant-Appellee.**

No. 130, Docket 23721.

United States Court of Appeals Second Circuit.

Argued Jan. 19, 1956.

Decided Feb. 6, 1956.

Blanch Freedman and Gloria Agrin, New York City, for plaintiff-appellant.

Paul W. Williams, New York City (Harold J. Raby and Maurice N. Nessen, New York City, of counsel), for defendant-appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

MEDINA, Circuit Judge.

Plaintiff, an alien, seeks *inter alia* a declaratory judgment that he is not ineligible for naturalization under 8 U.S. C.A. § 155(c)[1] and, in effect, a stay of deportation until the Attorney General exercises his discretion with respect to plaintiff's application for suspension of deportation. The complaint, brought against the District Director of Immigration, was dismissed below on the procedural ground that the Attorney General or the Commissioner of Immigration and Naturalization was an indispensable party.

■ Judge Kaufman followed and elaborated upon the distinction we made in Pedreiro v. Shaughnessy, 2 Cir., 213 F.2d 768, affirmed 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, between a challenge to deportability, as in Pedreiro, and a claim that, notwithstanding deportability, the Attorney General should exercise his discretion in favor of the issuance of an order suspending deportation, as in De Pinho Vaz v. Shaughnessy, 2 Cir., 208 F.2d 70, and in the case now before us. Although the question is not free from doubt, we shall follow our reasoning in Vaz and more fully stated in the opinion below. While the Supreme Court may decide that the distinction no longer holds, we do not think this is to be spelled out of Mr. Justice Black's opinion in Pedreiro.

■ In any event, the decision below must be affirmed because, as a matter of law, plaintiff is not entitled to the relief he requests. For 8 U.S.C.A. § 155(c) permits his application for suspension of deportation to be considered only if he is eligible for citizenship. Plaintiff, however, admits that he signed a DSS Form 301: Application by Alien for Relief from Military Service. Plaintiff heard nothing further from his Draft Board until his country of citizenship became a belligerent and he was, consequently, no longer entitled to claim exemption as a neutral alien. Whether this was cause or coincidence, as the defendant and plaintiff respectively contend, is not material. Section 303(a) of Title 50 of the United States Code, Appendix[2] provides that an alien who "has made application" to be relieved from military service "shall thereafter be debarred from becoming a citizen of the United States", and plaintiff made such an application and hence is not eligible for an order suspending deportation.

Affirmed.

---

1. Now Immigration and Nationality Act, 1952, § 244(a) (1, 2), 8 U.S.C.A. § 1254 (a) (1, 2).

2. Now Universal Military Training and Service Act, § 4, 50 U.S.C.A.Appendix, § 454.