**Charles ROWOLDT, Appellant,**

v.

**J. D. PERFETTO, Acting Officer in Charge, Immigration and Naturalization Service, Department of Justice, St. Paul, Minnesota, Appellee.**

No. 15383.

United States Court of Appeals Eighth Circuit.

Dec. 22, 1955.

Writ of Certiorari Granted March 26, 1956.

See 76 S.Ct. 545.

Kenneth J. Enkel, Minneapolis, Minn., for appellant.

Clifford Janes, Asst. U. S. Atty., St. Paul, Minn. (George E. MacKinnon, U. S. Atty., St. Paul, Minn., was with him on the brief), for appellee.

Before SANBORN, JOHNSEN, and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

Counsel for Charles Rowoldt, an alien who was in custody under a warrant for deportation issued April 16, 1952, by the Acting District Director, Chicago District, Immigration and Naturalization Service, Department of Justice, petitioned the District Court for Rowoldt's release on habeas corpus. The court issued an order to show cause directed to the respondent (appellee). After the filing of the respondent's return and after a hearing, the court denied the petition for a writ, and Rowoldt has appealed.

The deportation warrant followed proceedings conducted by the Immigration and Naturalization Service of the Department of Justice such as are customary in like cases. Rowoldt was accorded a hearing before a Hearing Officer on February 16, 1951, and March 28, 1951. He was represented by counsel of his own choosing. One of the charges against Rowoldt was that he was an alien who, after entry into the United States, was a member of the Communist Party of the United States, a charge which, if

sustained, required his deportation, since Section 22 of the Internal Security Act of 1950, 64 Stat. 987, 1006, 1008, amending the Act of October 16, 1918, as amended,[1] provides that the Attorney General shall take into custody and deport any alien "who was at the time of entering the United States, or has been at any time thereafter, * * * a member of any one of the classes of aliens enumerated in section 1(2) of this Act * * *." (Page 1008.)[1] Subparagraph (C) of section 1(2) lists "Aliens who are members of or affiliated with (i) the Communist Party of the United States * * *." (Page 1006.)

Upon the evidence adduced before the Hearing Officer in the deportation proceedings, he, on May 15, 1951, found as facts: (1) That Rowoldt is an alien, a native and citizen of Germany; (2) that he last entered the United States in or about 1923 or 1924; and (3) that he was a member of the Communist Party of the United States in 1935.

The Hearing Officer concluded that Rowoldt was subject to deportation under the applicable statute, and should be deported. Rowoldt on May 21, 1951, filed exceptions to the decision and order of the Hearing Officer. On November 27, 1951, the proceedings before that Officer were reviewed in detail by the Assistant Commissioner, Adjudications Division of the Department of Justice Immigration and Naturalization Service, who ordered Rowoldt deported on the charge found by the Hearing Officer to have been sustained.

Rowoldt appealed to the Board of Immigration Appeals, Department of Justice, from the order of deportation of November 27, 1951. On March 28, 1952, the Board, after a hearing, dismissed the appeal, after stating: "The record sustains a finding that the respondent [Rowoldt] has been a member of the Communist Party. His deportation from the United States is mandatory."

Rowoldt makes two contentions: (1) that the evidence is insufficient to sustain the finding upon which the deportation order was based, namely, that he was a member of the Communist Party in 1935; and (2) that the District Court erred in denying his motion to reopen the case "for the purpose of enabling him to take proper steps to have all the proceedings of the Service before the Court." The second contention is obviously without merit. The burden of demonstrating both error and prejudice is upon the appellant. There is nothing in the record to show that the introduction of any of the prior deportation proceedings involving Rowoldt would have been of any help to him or would or could have had any tendency to disprove the charge which resulted in the deportation order which is challenged.

The Hearing Officer, who found that in 1935 Rowoldt was a member of the Communist Party, had in evidence the sworn testimony voluntarily given by Rowoldt before a Special Inspector of the Immigration and Naturalization Service at Minneapolis, Minnesota, on January 10, 1947. Rowoldt at that time stated that in the spring or summer of 1935 he joined both the Workers' Alliance and the Communist Party in Minneapolis; that he held no office in the Communist Party, but was on the Executive Board of the Workers' Alliance; that he was a member of the Communist Party until the end of 1935, when he was arrested [in deportation proceedings]; that he was a member of the Party for probably about a year; that he ran the Party bookstore at 241 Marquette in Minneapolis for a while; that it dealt in literature of all kinds—Strachey, Marx, Lenin's writing and that of others, "Socialism and all that stuff"; that he was kind of a salesman, but the Communist Party ran the store; that it was an official outlet for Communist literature; and that he secured his employment through his membership in the Communist Party.

1. See Immigration and Nationality Act, § 241(a) (6) (A–C), (7), 8 U.S.C.A. § 1251(a) (6) (A–C), (7).

Enough has been said, we think, to demonstrate that there was an adequate evidentiary basis for the finding that Rowoldt was a member of the Communist Party in 1935; and that " * * * the record does not show a relationship to the Party so nominal as not to make him a 'member' within the terms of the Act." Galvan v. Press, 347 U.S. 522, 529, 74 S.Ct. 737, 741, 98 L.Ed. 911. There is no controlling distinction between the Galvan case and Rowoldt's case.

The order appealed from is affirmed.