**Leon CALLOW, Plaintiff-Appellant,**

v.

**John H. LEHMANN, Officer in Charge, United States Immigration and Naturalization Service, Defendant-Appellee.**

No. 12627.

United States Court of Appeals
Sixth Circuit.

May 28, 1956.

Ira Gollobin, New York City, Charles Goodwin, Cleveland, Ohio, on brief, for appellant.

Eben Cockley, Cleveland, Ohio, Sumner Canary, Cleveland, Ohio, on brief, for appellee.

Before McALLISTER, MILLER, and STEWART, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant, an alien and a native and citizen of Greece, was ordered deported pursuant to a final order of deportation entered by the United States Immigration and Naturalization Service on January 21, 1952, which was thereafter affirmed by the Board of Immigration Appeals on February 4, 1955. Appellant filed a complaint in the district court, asking for an injunction and a declaratory judgment seeking to have the court review the final order of deportation.

Appellee, the Officer in Charge of the United States Immigration and Naturalization Service in Cleveland, Ohio, filed a motion to dismiss appellant's complaint on the ground that the district court was without jurisdiction to review a deportation order in a suit for an injunction and declaratory judgment; and, further, that the Commissioner of Immigration and Naturalization and the Attorney General

860

were indispensable parties to such an action, and that, without naming them as parties and obtaining proper service upon them, the court was without jurisdiction to entertain the action.

The district court held that the Commissioner of Immigration and Naturalization and the Attorney General were not indispensable parties to the action, upon the authority of Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868; but it held that it was without jurisdiction to review the deportation order in the action brought for a declaratory judgment.

 In the light of numerous adjudications in the federal courts subsequent to the decision of the district court in the instant case, the government now concedes that the district court has jurisdiction to review the order of deportation here in question.

One issue, therefore, remains in this case: whether the Commissioner of Immigration and Naturalization and the Attorney General are indispensable parties in this case. In resolving this question, we are in accord with Judge Jones in holding that they are not indispensable parties, on the authority of Shaughnessy v. Pedreiro, supra.

In accordance with the foregoing, the order of dismissal is set aside and the case is remanded to the district court for further proceedings in accordance with this opinion.

MILLER, Circuit Judge (dissenting).

If this appeal involved only the review of a final order of deportation, I would agree with the ruling of the majority of the Court. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

Appellant, however, also challenges the ruling of the Attorney General denying his application for a stay of deportation on the ground that he would be subject to physical persecution if deported to Greece, under the provisions of Section 1253(h), Title 8, U.S.C.A. The relief sought seeks affirmative action by the Attorney General contrary to his present ruling. Under these circumstances, I think the Attorney General is an indispensable party to the action and that the complaint should be dismissed for that reason. Williams v. Fanning, 332 U.S. 490, 493, 68 S.Ct. 188, 92 L.Ed. 95; De Pinho Vaz v. Shaughnessy, D.C., 112 F. Supp. 778, affirmed 2 Cir., 208 F.2d 70; Ceballos v. Shaughnessy, 2 Cir., 229 F.2d 592.