238 F.2d 916
 Vergil Heber SERGEANT, Appellant,
v.
W. F. FUDGE, Regional Operations Manager U.S. Post Office
Department, First Regional Office, Cincinnati, Ohio, and
Joseph M. Risley, District Manager, 6th District Post Office
Department, Bureau of Operations, Columbus, Ohio, Appellees.
 No. 12842.
 United States Court of Appeals Sixth Circuit.
 Dec. 18, 1956.
 
 Vergil Heber Sergeant, in pro. per.
 Loren G. Windom, Asst. U.S. Atty., Columbus, Ohio (Hugh K. Martin, U.S. Atty., Columbus, Ohio, on the brief), for appellee.
 Before SIMONS, Chief Judge, and McALLISTER and STEWART, Circuit judges.
 PER CURIAM.
 
 
 1
 This appeal is from the district court's dismissal of a suit to enjoin a Regional Operations Manager of the United States Post Office Department from discontinuing a post office in Isleta, Ohio. Isleta is a village of approximately 160 persons, who have been receiving mail through rural delivery since the closing of the post office. The ground of dismissal was that the Postmaster General, whom the appellant failed to make a defendant, was an indispensable party to the action.
 
 
 2
 Without reaching the issue of whether the Postmaster General was an indispensable party, cf. Callow v. Lehmann, 6 Cir., 1956, 233 F.2d 859, we are of the opinion that the order of the district court must be affirmed.
 
 
 3
 Title 39 U.S.C.A. § 2 authorizes the Postmaster General to discontinue any post office '* * * where the efficiency of the service requires * * *.' There is no objective criterion, such as amount of mail handled or dollar volume of business, established by the statute. It leaves the decision as to whether efficiency requires the closing of a post office solely to the judgment of the Postmaster General and his designated agents. The discontinuance of the post office was a matter clearly within the authority of the statute, no matter how unwise the action may have been. Adams v. Nagle, 1938, 303 U.S. 532, 541-543, 58 S.Ct. 687, 82 L.Ed. 999. Compare Hannegan v. Esquire, Inc., 1946, 327 U.S. 146, 66 S.Ct. 456, 90 L.Ed. 586.
 
 
 4
 We are not faced here with executive action in the nature of a penal sanction, like barring of certain matter from the mails, where due process requires that a hearing be had. Walker v. Popenoe, 1945, 80 U.S.App.D.C. 129, 149 F.2d 511, 513.
 
 
 5
 It is not hard to imagine the chaos which would result if all authorized acts of government executive officers could be restrained merely because a court believed them to be ill advised. Since the closing of the Isleta post office was in accordance with the statute and since no question relating to the constitutionality of the statute itself has been raised, it follows that this was an action of the sovereign which is not subject to judicial review and cannot be enjoined. Larson v. Domestic & Foreign Commerce Corp., 1948, 337 U.S. 682, 704-705, 69 S.Ct. 1457, 93 L.Ed. 1628; Doehla Greeting Cards, Inc., v. Summerfield, 1955, 97 U.S.App.D.C. 29, 227 F.2d 44; Payne v. Fite, 5 Cir., 1950, 184 F.2d 977.
 
 
 6
 The judgment of the district court is affirmed.