Petition for Review of Michael Antoniou
TSATSARONIS, Petitioner,

v.

Edward J. SHAUGHNESSY, as District
Director of the Immigration and Nat-
uralization Service for the District of
New York, Respondent.

United States District Court
S. D. New York.

Dec. 27, 1956.

James J. Cally, New York City, for
petitioner.

Paul W. Williams, U. S. Atty., South-
ern Dist. of New York, New York City,
for respondent, Harold J. Raby, Asst.
U. S. Atty., New York City, of counsel.

FREDERICK VAN PELT BRYAN,
District Judge.

Petitioner, an alien, moves to vacate
and set aside an order of this Court
which denied, on the merits, his appli-
cation for a review of proceedings before
the Board of Immigration Appeals, and
for a stay of an order of deportation
pending against him. The only ground
of petitioner's motion is that the At-
torney General of the United States was
an indispensable party to the proceed-
ing, that the petitioner himself did not
join the Attorney General as a party, and
that therefore this Court lacked juris-
diction to enter the prior order.

The case of Ceballos v. Shaughnessy,
2 Cir., 229 F.2d 592, cited by the peti-
tioner, holds that the Attorney General
is an indispensable party to an action to·

review an order of deportation. The Ceballos case is now on certiorari to the Supreme Court of the United States (certiorari granted 351 U.S. 981, 76 S.Ct. 1047, 100 L.Ed. 1495) and has not yet been decided by that Court.[1] But it is unnecessary to predicate my decision on this motion on the holding of the Court of Appeals in the Ceballos case. Cf. Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868.

■■ The petitioner is in no position to raise the question of his own failure to name the Attorney General as a party. Lack of jurisdiction over the person of the Attorney General is personal to the Attorney General and is a defense which only he may raise. Moreover, lack of jurisdiction over the person may always be waived and the Attorney General, through the appearance of the United States Attorney in this action, and his defense of the action on the merits, has made such a waiver.

The motion is denied.

1. Decided March 11, 1957, see 77 S.Ct. 545.