Nick ALEXANDER, alias Nicholaus Demetrous Alexandropoulis, Plaintiff,

v.

James W. BUTTERFIELD, District Director of Immigration & Naturalization at Detroit, Michigan, Defendant.

Civ. A. 15534.

United States District Court
E. D. Michigan, S. D.
March 28, 1957.

Bernard J. Fieger, Detroit, Mich., for plaintiff.

Fred W. Kaess, U. S. Atty., Dwight K. Hamborsky, Asst. U. S. Atty., Detroit, Mich., for defendant.

PICARD, District Judge.

Motion for summary judgment by defendant against plaintiff's action to set aside an order of deportation, and for injunctive relief.

The questions in this case are very few:

(1) When defendant notified plaintiff of a hearing on his deportation, charging that plaintiff became a member of the Communist Party in this country after his entry, was it fatal for defendant not to grant the bill of particulars requested by plaintiff before said hearing?

(2) At the time of the hearing, April 9, 1954, when defendant was quizzing two of its own witnesses, was it fatal

for defendant to refuse to divulge identity of a third witness it intended to call, although requested to do so by plaintiff?

(3) When the above mentioned witness appeared to testify on April 13, 1954, should plaintiff's request for adjournment have been granted on the ground that plaintiff desired to investigate said witness prior to cross-examination? And,

(4) Was there sufficient evidence of plaintiff's membership in the Communist Party between the years 1931 to 1934, plaintiff, now a 67 year old male alien, native of Greece, having admittedly entered the United States on June 25, 1913?

### Findings of Fact

Defendant, in arriving at his conclusion, only considered testimony of the two witnesses appearing April 9. The third witness gave similar testimony as that of the two, but defendant agreed with plaintiff that plaintiff should have had an opportunity to investigate the third witness before being required to make his cross-examination. Therefore, testimony of that third witness was not considered leaving, two witnesses who positively identified plaintiff as the man with whom they had attended several closed meetings of the Communist Party between 1931 and 1934 in Detroit. One witness testified that he had seen plaintiff's name on the Communist Party records while both witnesses said that they had seen him selling the Daily Worker at meetings, both closed and open. Admittedly, they had never seen a membership card in his possession, nor had they ever seen him pay dues.

The law under which defendant desires to deport plaintiff is Section 1251 (a) (6) (C) of Title 8 U.S.C., the pertinent part of which reads as follows:

"1251. General classes of deportable aliens.—'(a) Any alien in the United States (including an alien crewman) shall, upon the order of the Attorney General, be deported who—

\* \* \* \* \* \*

"(6) is or at any time has been, after entry, a member of any of the following classes of aliens:

\* \* \*. \* \* \*

"(C) Aliens who are members of or affiliated with (i) the Communist Party of the United States;
\* \* \* ".

The findings of the Special Inquiry Officer, May 27, 1954, held that plaintiff had been a member of the Communist Party after entry into this country, from 1931 to 1934, and entered an order of deportation. November 22, 1954, the Board of Immigration Appeals affirmed the ruling. It was this Board that refused to consider the testimony of the third Government witness above.

Further action lay dormant until April 4, 1956, when plaintiff filed his petition to re-open the proceedings and for suspension of the deportation order on the ground that deportation would subject him to extreme and unusual hardship because of his health. June 14, 1956, the Board denied this petition since plaintiff had not, as required by Section 244(a) (5), 8 U.S.C.A. § 1254(a) (5), made application for suspension of deportation before the final order had been served on him.

On the day plaintiff filed his petition for suspension of deportation he also commenced this action to set aside the previously entered order of deportation, claiming that the proceedings lacked procedural due process and that the finding that plaintiff was a member of the Communist Party was not supported by "reasonable, substantial and probative evidence."

At all the hearings plaintiff refused to give any testimony, refused to be sworn, but his attorney did carry on cross-examination of Government witnesses. Up to this very moment plaintiff has never denied that he once was a member of the Communist Party after he came to America. He has made no showing, either personally or through other witnesses, as to how he happened to be at these closed meetings of the Communist Party.

He has never applied for citizenship, and although the record of the hearings has been available to both plaintiff and his counsel there has been no claim made at any time that, if given further opportunity, plaintiff might in some way becloud the effectiveness of the testimony that has been given against him.

## Conclusions of Law

■ This court may not substitute its judgment for that of the Special Inquiry Officer nor of the Board of Immigration Appeals if plaintiff was granted a fair hearing, United States ex rel. Vermiglio v. Butterfield, 6 Cir., 223 F. 2d 804 and where there is substantial evidence to support the administrative agencies' findings, Handlovits v. Adcock, D.C., 80 F.Supp. 425.

So we then ask, is there any merit to plaintiff's claim that there was an element of unfairness in the proceedings?

■ We have read the record and while we believe that in the ordinary case of this kind plaintiff would be entitled to a bill of particulars, the result of the failure to give plaintiff such a bill is not fatal, particularly when the opportunity is given him later to meet the charges in a bill of deportation. This is a civil case—not criminal. And here the only possible result of the giving of the bill of particulars would have been to open the door for influence or coercion against the Government witnesses who were to be called. After their testimony, if plaintiff had requested further time to meet that testimony, it should and undoubtedly would have been granted; but he doesn't deny their testimony even today. In the absence of a showing that either of the adverse rulings—this includes the one concerning the third witness—hampered plaintiff in his defense, this court has no right to set the order of deportation aside on these grounds. Rowoldt v. Perfetto, 8 Cir., 228 F.2d 109. As stated therein the burden of demonstrating error or prejudice is on plaintiff and he has not met that burden. We hold, therefore, that the claim is without merit. And it must also be remembered that

an administrative hearing is not rendered unfair simply because it is not conducted in exact conformity with judicial procedure. Bilokumsky v. Tod, 263 U.S. 149, 44 S.Ct. 54, 68 L.Ed. 221; Marcello v. Bonds, 349 U.S. 302, 75 S. Ct. 757, 99 L.Ed. 1107.

■ As to whether or not there was substantial evidence to support the finding that plaintiff was a member of the Communist Party, we again hold with defendant. It was shown that you couldn't get into a closed meeting of the Communist Party unless you were a member of the Communist Party, yet two witnesses swore that they had met plaintiff at such meetings on several occasions. It would be possible, of course, as indicated by plaintiff's counsel, that he might have just wandered into those meetings to get out of the cold, but plaintiff has never even bothered to testify and deny the charge that he was there or to explain why he was there. Furthermore, the interrogator had a right to draw conclusions from failure of plaintiff to at least deny the fact that he was at such meetings. United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 47 S.Ct. 302, 71 L.Ed. 560; Luria v. United States, 231 U.S. 9, 34 S.Ct. 10, 58 L.Ed. 101; United States v. Nowak, D.C., 133 F. Supp. 191, affirmed 6 Cir., 238 F.2d 282.

■ Nor is it necessary for the Government to show under this section that the plaintiff knew the objectives of the Communist Party. See Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911.

■ Finally, as to the point that this particular section of the Immigration and Nationality Act is an ex post facto law, we draw plaintiff's attention to Harisiades v. Shaughnessy, 342 U.S. 580, 72 S.Ct. 512, 96 L.Ed. 586, and Galvan v. Press, supra, decided in favor of the Government.

Therefore, motion for summary judgment is granted and the temporary restraining order and order to show cause dated April 11, 1956, are vacated. Defendant will submit proper papers to this court for his signature.