**Arnold SCHLEICH, alias Joseph Ring, Appellant,**

v.

**James W. BUTTERFIELD, District Director of Immigration and Naturalization, etc., Appellee.**

**No. 13240.**

United States Court of Appeals
Sixth Circuit.

Feb. 14, 1958.

Bernard J. Fieger, Detroit, Mich., for appellant.

Charles Gordon, Regional Counsel, Immigration & Naturalization Service, St. Paul, Minn. (Fred W. Kaess, U. S. Atty., John L. Owen, Asst. U. S. Atty. Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The appellant, Arnold Schleich, filed this action in the District Court seeking a review of a final order of deportation entered by the United States Immigration & Naturalization Service at Detroit, Michigan, on or about June 4, 1953, and affirmed by the Board of Immigration Appeals on August 19, 1953. The appellant, not being in custody, but having been ordered to report for deportation, also asked for temporary and permanent injunctions restraining the defendant-appellee, who was the District Director of Immigration & Naturalization in Detroit, from deporting the appellant or from molesting him pursuant to the deportation order. Jurisdiction exists under Section 1329, Title 8 U.S.C.A. See: Section 10 of the Administrative Procedure Act, Section 1009(a) and (b), Title 5 U.S.C.A. Shaughnessy v. Pedreiro, 349 U.S. 48, 52, 75 S.Ct. 591, 99 L. Ed. 868; Callow v. Lehmann, 6 Cir., 233 F.2d 859; Muscardin v. Brownell, 97 U. S.App.D.C. 16, 227 F.2d 31.

The appellant is a native of Germany and an alien. He entered the United States in 1923 and has been a resident of Detroit for many years. On or about July 21, 1952, the appellee issued a war-

rant for appellant's arrest for the purpose of initiating deportation proceedings against him. The warrant alleged that appellant was an alien found in the United States in violation of the immigration laws thereof, in that he had been, after entry, a member of the Communist Party of the United States and an alien who was a member of a section, subsidiary, branch, affiliate or sub-division of the Communist Party of the United States, namely, "The Young Communist League." Act of October 16, 1918, as amended by the Internal Security Act of 1950, 64 Stat. 987, 1006, 1008. The substance of these provisions of the Internal Security Act of 1950 was subsequently incorporated in the Immigration and Nationality Act of 1952. Section 1251(a) (6) (C), Title 8 U.S.C.A., effective December 24, 1952, § 407, Section 1101 Note, Title 8 U.S.C.A. Following an administrative hearing, the Special Inquiry Officer of the Immigration & Naturalization Service found that the appellant was an alien who was "a voluntary member of the Communist Party of the United States from 1933 to the end of 1936" and "a voluntary member of an affiliate of the Communist Party, the Young Communist League, from 1929 to 1934." The order of deportation followed.

The appellant contends in this action (1) that the evidence was not sufficient to establish that he was a member of or affiliated with the Communist Party within the meaning of the statute, (2) that the statutory provision authorizing deportation under which he has been ordered deported is unconstitutional, and (3) the fact that the Special Inquiry Officer was an employee of and under the control of the agency which instituted and conducted the proceedings against the appellant constituted a denial to him of due process of law. These contentions were rejected by the District Judge who sustained appellee's motion for a summary judgment. Schleich v. Butterfield, D. C.E.D.Mich., 148 F.Supp. 44.

■ The appeal from that ruling was argued before this court prior to the recent decision of the Supreme Court in

Rowoldt v. Perfetto, 355 U.S. 115, 78 S. Ct. 180, 2 L.Ed.2d 140. At the time of the argument appellant recognized the weakness of his contentions under the rulings of the Supreme Court in Galvan v. Press, 347 U.S. 522, 74 S.Ct. 737, 98 L. Ed. 911, and Marcello v. Bonds, 349 U.S. 302, 75 S.Ct. 757, 99 L.Ed. 1107. He relied largely upon the possibility that these rulings would be changed or modified by the ruling being awaited in Rowoldt v. Perfetto which had been argued and submitted but not then decided. We now have the ruling in Rowoldt v. Perfetto. The issues raised by the second and third contentions of the appellant, above set out, are not discussed in the opinion. Accordingly, the contentions with respect to the constitutionality of the statute and lack of due process in the hearing are rejected upon the authority of Galvan v. Press, supra, and Marcello v. Bonds, supra. This leaves for consideration only appellant's first contention that there was not sufficient competent evidence to establish that the appellant was a member of or affiliated with the Communist Party within the meaning of the statute.

■ On this issue it was held in Galvan v. Press, supra [347 U.S. 522, 74 S. Ct. 741], that support, or even demonstrated knowledge, of the Communist Party's advocacy of violence was not intended to be a prerequisite to deportation. The Court said, "It is enough that the alien join the Party, aware that he was joining an organization known as the Communist Party which operates as a distinct and active political organization, and that he did so of his own free will." The Court also held that the Internal Security Act of 1950 dispensed with the necessity of proving in each case, where membership in the Communist Party was made the basis of deportation, that the Party did, in fact, advocate violent overthrow of the Government. At the same time, the Court indicated that a person's relationship to the Communist Party might be so nominal, even though technically a member, as not to make him a "member" within the terms of the Act. In that case the petitioner disclosed that

he had joined the Communist Party of his own free will, giving the time and place of doing so and indicating generally that the distinction between the Party and other groups was clear in his mind. There was also evidence that he had been elected an officer of the Spanish Speaking Club, an alleged Communist Party unit. The Court held that this evidence was sufficient to support a finding of membership and affirmed the order of deportation.

In Rowoldt the Court again considered what constituted membership in the Communist Party. In that case the petitioner was an alien who entered the United States in 1914. He stated that he joined the Communist Party in the spring or summer of 1935, paid dues, attended meetings and remained a member until he was arrested in the deportation proceedings, which was at the end of 1935, and that he was probably a member for approximately one year, that he had no job, that everybody around him had the idea that they had to fight for something to eat and clothes and shelter, that they were not thinking of overthrowing anything but wanted something to eat and something to crawl into. He also worked for a while as a salesman in a bookstore run by the Communist Party but stated that he "didn't get a penny there." The Court said that bearing in mind the solidity of proof that is required for a judgment entailing the consequences of deportation, it could not say that such evidence established the kind of "meaningful association" required by the Internal Security Act of 1950 as amended; that in light of such evidence, the dominating impulse to his "affiliation" with the Communist Party may well have been wholly devoid of any "political" implications. The judgment of deportation was reversed, four members of the Court dissenting.

Rowoldt v. Perfetto did not change the law with respect to the proof necessary to show membership in the Communist Party. Galvan v. Press was recognized as the controlling authority. The different ruling was the result of different factual situations. The Court closed its opinion in the Rowoldt case by saying, "The differences on the facts between Galvan v. Press, supra, and this case are too obvious to be detailed." [355 U.S. 115, 78 S.Ct. 184.]

In the present case the Government produced two witnesses, Pace and Nowell, who had been active members of the Communist Party for many years. They positively identified Schleich as being a member of the Young Communist League and the Communist Party between 1929 and 1936. Pace testified about being at thirty or more closed meetings of the Communist Party and its agencies at which Schleich was present. Nowell testified of his association with Schleich in at least one hundred and fifty closed party meetings. He told of seeing Schleich's name on the membership rolls of the Party. These witnesses also testified about the activities of Schleich in the Communist Party, his acceptance of important assignments as an organizer in recruiting young people and farmers for the Communist cause, and in attending high level conferences with district officers in which he related his activities and received instructions. Although their testimony was limited to the years 1936 and prior thereto, the evidence does not show that Schleich left the Party in 1936 or at any time subsequent thereto. Schleich did not testify in the proceeding or introduce any evidence to show that his relationship to the Party was merely nominal rather than substantial. Certainly, there is nothing in the record to show that he did not join the Party of his own free will or that he was mistaken about the nature and purposes of the Party at the time of joining and thereafter. His years of membership and active participation in organization work compel the opposite conclusion.

■ In our opinion, the foregoing evidence was sufficient to establish the "meaningful association" with the Party, referred to in the Rowoldt case, and to show that Schleich joined the Party, aware that he was joining an organization known as the Communist Party

which operated as a distinct and active political organization and that he did so of his own free will, which, according to the rule laid down in Galvan v. Press, supra, 347 U.S. 522, 528, 74 S.Ct. 737, 98 L.Ed. 911, was enough to constitute him a "member" within the terms of the Act.

The judgment is affirmed.