Mignon WELLMAN, Appellant,

v.

James W. BUTTERFIELD, District Director of Immigration and Naturalization in Detroit, Michigan, Appellee.

No. 12938.

United States Court of Appeals
Sixth Circuit.

April 9, 1958.

George W. Crockett, Jr., Detroit, Mich. (Goodman, Crockett, Eden & Robb, Detroit, Mich., on the brief), for appellant.

Dwight K. Hamborsky, Detroit, Mich. (Fred W. Kaess, Detroit, Mich., on the brief), for appellee.

Before MARTIN, MILLER and STEWART, Circuit Judges.

STEWART, Circuit Judge.

This is an appeal from the district court's dismissal of a complaint which sought to enjoin an order of deportation. The deportation order was entered after an administrative hearing at which the appellant declined to testify, and was based upon a finding that the appellant was an alien who after entry had been a member of the Communist Party of the United States. 8 U.S.C.A. § 1251(a) (6) (C).

Three contentions were advanced in the appellant's brief and oral argument: that the evidence was insufficient to prove alienage, that the evidence was insufficient to prove Communist Party membership, and that the statute under which the appellant was ordered deported was unconstitutional. Disposition of this appeal was deferred pending the Supreme Court's decision in Rowoldt v. Perfetto, 1957, 355 U.S. 115, 78 S.Ct. 180, 2 L.Ed. 2d 140, and thereafter pending submission by counsel of supplemental memo-

randa presenting their views as to the effect of the Rowoldt decision upon this case. A review of the record in the light of the relevant authorities convinces us that the district court's order must be affirmed.

 As to the Constitutionality of the deportation statute in question, there can be no present doubt. Galvan v. Press, 1954, 347 U.S. 522, 74 S.Ct. 737, 98 L.Ed. 911; Rowoldt v. Perfetto, supra. Upon the issue of alienage, the administrative record contains substantial and probative evidence to support a finding that the appellant was born on or about March 25, 1912, in Victoria, British Columbia, Canada, of parents who were not citizens of the United States. Cf. Williams v. Mulcahey, 6 Cir., 1957, 250 F.2d 127. The only substantial question, therefore, is whether the evidence was sufficient to support the administrative finding that the appellant had been a member of the Communist Party of the United States.

Upon this issue a witness testified that she had attended over a hundred closed Communist Party meetings with the appellant between 1947 and 1950, and that she had issued a Communist Party membership card to the appellant and collected dues from her during the same period. The witness further testified that the appellant had served as "Educational Director" and later as a group leader in a Communist Party club, that she had on various occasions acted as chairman of the club's meetings and had taught classes on "Marxism" and "Leninism" at these meetings. This testimony was uncontradicted and was partially corroborated by another witness.

In our opinion the foregoing evidence was sufficient to show a "meaningful association" with the Communist Party of the kind referred to in the Rowoldt case, and to establish that the appellant joined the party, aware that she was "joining an organization known as the Communist Party which operates as a distinct and active political organization * * *." Galvan v. Press, supra.

[347 U.S. 522, 74 S.Ct. 741.] See United States ex rel. Avramovich v. Lehmann, 6 Cir., 1956, 235 F.2d 260, certiorari denied 1957, 355 U.S. 905, 78 S. Ct. 328, 2 L.Ed.2d 259; Schleich v. Butterfield, 6 Cir., 1958, 252 F.2d 191.

The order of the district court is affirmed.