No. 17,209.

WENG ET AL. *v.* SCHLEIGER ET AL.
(273 P. [2d] 356)

Decided August 9, 1954.

Mr. Bruce Ownbey, Messrs. Wolvington & Wormwood, Mr. Forrest C. O'Dell, for plaintiffs in error.

Mr. Albert P. Fischer, Mr. Ward H. Fischer, Mr. Kenneth H. Gross, for defendants in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Weng, one of the plaintiffs in error, was an employee of the other plaintiffs in error who were operating a co-partnership under the name of "Bates and Sons," which partnership was engaged in the business of livestock hauling. These plaintiffs in error were defendants in the trial court and we will herein refer to them by name or as defendants.

On August 14, 1949, Weng, the employee, had been sent by the defendants with a truck to a ranch northwest of the City of Longmont to get a load of nineteen cattle for delivery in Denver; when returning with the load of cattle the truck was involved in an accident at the northern limits of the City of Longmont. Those claimed to be injured in this accident were John Schleiger, Mary Schleiger, his wife, and Ronald Schleiger, a minor, who

were in an automobile struck by the truck belonging to defendants.

The 21st day of June 1950, John and Mary Schleiger, for themselves, and as next friend for Ronald Schleiger, filed their complaint in damages containing four causes of action. This complaint was dismissed for want of prosecution on April 1, 1952. September 29, 1952, Mary Schleiger moved to have the case reinstated and for leave to file an amended complaint in which John Schleiger, the husband and father, was not named as party plaintiff. This motion was granted. In the first cause of action in the amended complaint it was alleged that Weng was in the employ of the defendants, and that on August 14, on Highway No. 87, in Boulder county, he negligently, unlawfully and carelessly drove a truck and trailer owned by the defendants into an automobile owned and operated by plaintiff and her husband, and as a result, their automobile was damaged to the extent of $2,000.00. As a second cause of action, it is alleged that John Schleiger, husband of plaintiff, and father of Ronald, was permanently injured, suffered great mental and physical deterioration, as a result of which, Mary Schleiger lost the support and companionship of her husband, John, to her damage in the sum of $50,000.00. In the third cause of action was an allegation of the temporary and permanent injury of plaintiff Mary Schleiger, to her damage in the sum of $50,000.00. The fourth cause of action contained an allegation of the injury and damage to the minor, Ronald Schleiger, in the sum of $50,000.00, and for expenses incurred and to be incurred on the minor's behalf in the sum of $5,000.00.

A motion to strike certain parts of the amended complaint was denied and defendants answered, making the obvious admissions and a general denial of all other allegations.

April 16, 1953, trial was begun to a jury of six, which returned its verdict in favor of plaintiff Mary Schleiger in the sum of $8,000.00, together with interest from June

21, 1950; and a verdict in favor of the minor son in the sum of $10,000.00, with interest from June 21, 1950, on which verdicts judgment was entered after a motion for new trial was overruled. To reverse this judgment the cause is brought to our Court by writ of error.

On the day of the accident, at about the hour of 11:30 o'clock A.M., an automobile, to which a trailer was attached, was being driven south on Highway No. 87 at the northern limits of the City of Longmont. This automobile had been brought to a stop to make a left-hand turn to the east on a graveled street, and before making the turn the driver had to wait for north-bound traffic to pass. While so standing, another automobile stopped behind this first one, and finally a third car, which was being driven by John Schleiger, accompanied by Mary and the minor son, Ronald, stopped behind the two vehicles just mentioned, and while so standing, the truck loaded with cattle, owned by defendants, was driven by Weng into the rear of the Schleiger car, resulting in the claimed damages. It seems to be disclosed by the evidence that Weng immediately jumped off the truck; took out away from the scene of the accident; and was gone some little time. Plaintiffs claim that they saw the truck approaching from behind, and tried to signal the driver to stop. The Schleiger family were taken to a hospital, and, without detailing the injuries at this point, it is sufficient to say that all of the medical testimony discloses that there were no permanent injuries to any of the persons involved in the accident.

An eyewitness was standing in a used car lot near the point of the accident and on the trial testified that the two automobiles immediately behind the first car that was stopped at the intersection, had just passed the truck and had cut into the line of traffic when the accident occurred. This was denied by the occupants of the second car and the Schleigers. A courtesy patrolman promptly arrived on the scene and investigated the accident. At the trial he testified as to the conditions he

found and stated that the driver of the truck told him he had looked in another direction and did not see the car in front of him. At this point, during the examination of this witness, counsel for plaintiff, over objection, was permitted to ask if he recalled anything else about the accident, at which time counsel held a whispered conversation with the witness in the presence of the jury, after which the witness testified that Weng, the driver of the truck, started to run away from the scene because he was scared. The witness then was excused, to obtain a copy of the report he had made at the time of the accident. When he later was recalled, he made a blackboard diagram of the situation and testified that the truck traveled sixty-nine feet after the impact, pushing the Schleiger automobile ahead of it, and also car No. 1, which apparently was pushed off the side of the road by the Schleiger vehicle. The patrol officer then was permitted on re-direct examination to testify, over the objections of defendants' counsel, that he had noted on his report as to the driver of the truck: "Inattention to driving."

There seems little doubt from the evidence that the accident was caused by the carelessness of the driver of the truck; however, we believe reversible error occurred in the trial of the case, and as a result thereof, the judgment, besides other defects, appears to be excessive from the standpoint of the nature of the injuries sustained according to the medical testimony, and it is quite possible that the blanket judgment in Mary Schleiger's favor included the damage to the automobile as will be shown in our discussion of the specified errors. The trial court, over the objection of counsel for defendants, submitted a special interrogatory to the jury permitting them to find a separate amount as an additional verdict to Mary Schleiger for the loss of support of her husband. This interrogatory was returned without answer, and upon interrogation, the foreman of the jury stated that they found no damage for loss of support.

Counsel for defendants contend that it was error for the trial court to deny their motion to strike plaintiffs' second cause of action in the amended complaint, because a wife cannot recover for loss of support by her husband, and that further error occurred in submitting the special interrogatory to the jury, because it emphasized, by indirection, certain evidence on the cause of action not properly before the jury. Further error is specified on permitting the courtesy patrolman to testify as to his conclusion regarding the cause of the accident; in permitting the question of recovery of damages to plaintiffs' automobile to go to the jury, for the reason that plaintiff, Mary Schleiger, was a co-owner of the automobile and the other owner, her husband, was not a party to the action; further that there was no competent evidence regarding the value of the automobile before or after the accident; and finally, the verdict being a general verdict as to all claims of plaintiff, no doubt includes some of the items, particularly the claim of the automobile damage, over which the court had no jurisdiction for lack of an indispensable party; and error as to certain instructions given, and tendered instructions refused, as well as a contention that the damages awarded to both plaintiffs was excessive.

The second cause of action in Mary Schleiger's amended complaint was based on an allegation that her husband, John Schleiger, "was permanently injured and suffered great mental and physical deterioration, and as a result these plaintiffs have lost the support and companionship of the said John Schleiger * * *." The motion to strike this cause of action was timely made and should have been sustained, because our Court has clearly and definitely settled the question by the first case on this question in this jurisdiction, decided October 11, 1937, being *Giggey v. Gallagher Transportation Co.,* 101 Colo. 258, 72 P. (2d) 1100, which decision we later approved in the case of *Franzen v. Zimmerman,* 127 Colo. 381, 256 P. (2d) 897. Regardless of the argument pre-

sented, that the loss of support and companionship as alleged in the amended complaint herein is distinguishable from the loss of consortium for which a wife has no cause of action if the loss of consortium is due to the negligent act of a third person, our Court clearly and distinctly affirmed a judgment of dismissal of a complaint which alleged that, "Because of the said negligence of defendant, plaintiff was deprived of the society, companionship, services and support of her husband to her damage." *Franzen v. Zimmerman, supra.* This error of the trial court was aggravated by the submitting of a special interrogatory to the jury on the question of damages for the loss of support, thus emphasizing an alleged condition that was improperly before the court and jury, and which easily could have been reflected in an excessive verdict. These errors were not cured by a failure on the part of the jury to answer the interrogatory or make a finding as to such damage.

During the re-direct examination of the courtesy patrolman, counsel for plaintiff endeavored to introduce the report made by the officer at the time of the accident. Objections thereto were sustained; however, the witness was permitted to testify concerning the report which contained the words, "Inattention to driving." To permit this conclusion or opinion to be considered by the jury was an invasion of the jury's province, and prejudicial, because the question of negligence involved was solely for the jury's determination. Counsel for plaintiff contends that this answer was a statement of fact and not a conclusion. The actual question was not what the contents of the report were, but, was there negligence that caused the accident? Nowhere in the record do we find that Weng, the driver of the truck, told the patrolman that he was guilty of "Inattention to driving." It does show that he told the patrolman that momentarily he was looking in another direction. Under all the circumstances, it was for the jury to conclude whether this constituted proper attention to driving and it was not to

be emphasized by an opinion or conclusion of the patrolman.

■ On the question of damages to the automobile, which was shown to be jointly owned by plaintiff Mary Schleiger and her husband, John Schleiger: Earlier in this opinion it is shown that the husband and wife joined as plaintiffs and for want of prosecution, the complaint was dismissed two years later; and that Mary Schleiger, the wife, was permitted to reinstate the case and file an amended complaint in which the husband, John Schleiger, did not join, and was not joined as a party. For recovery of damages for joint interest in the automobile, it is mandatory, under Rule 19 (a) R.C.P. Colo., that the person having a joint interest be joined on the same side as the other party having the joint interest, and in the instant case the husband was an indispensable party, without which the court could not properly proceed because of lack of jurisdiction.

■ Further on the question of damages: We find no evidence of the true value of the automobile immediately prior to the accident and no actual appraisal of its value after the accident. Plaintiff testified as to the original cost of the automobile and some extras therefor, and said that the price of $2,500.00 was outrageous; and she then further testified that she received $375.00 as salvage for the automobile. Of course, the price paid is an item to be considered in connection with other evidence as to value; however, it is disclosed that the car was purchased many months before the accident and there is no showing as to its use or milage before the accident or as to its general condition; therefore, even if plaintiff was permitted to proceed without the husband as a party, there was insufficient showing as to any basis on which a jury could assess damages to the automobile, as to market value before and after the accident. The verdicts herein being general verdicts, there is no certainty that a considerable part thereof was not for damage to the automobile. The question was improperly before the jury,

therefore a verdict which unquestionably included this item of damage was improper and a judgment based thereon should be reversed.

Counsel for plaintiffs in error contend that certain exhibits relating to medical and hospital expenses, and also school report cards of the minor involved, were improperly admitted. To detail these items would serve no useful purpose, because the judgment must be reversed on more substantial grounds; however, we do discuss the question raised as to excessive damage and judgment. As hereinbefore noted, a grave uncertainty exists as to what the jury included in its general verdicts. If the major portion of the verdicts was based upon the personal injuries to plaintiff and the minor son, then it must be said that in keeping with the medical testimony from several competent physicians to the effect that no permanent injury to either resulted from the accident, it would appear that the verdicts and judgment are not supported by the evidence.

The judgment is reversed and the cause remanded with directions for a new trial in harmony with the views herein expressed.