Mr. and Mrs. Loren L. SEAGO, Mr. and Mrs. James L. Freeman, Emmit Yates, and Keith Yates, Plaintiffs-Appellants and Cross-Appellees,

v.

Louis A. FELLET, a/k/a Louie Fellet, Defendant-Appellee, Third-Party Plaintiff, and Cross-Appellant,

v.

CITY OF LAKEWOOD, a Colorado municipal corporation, Third-Party Defendant.

No. 80CA0431.

Colorado Court of Appeals, Division II.

Oct. 27, 1983.

Rehearing Denied Nov. 23, 1983.

 

their claim for failure to join their joint tenants in the action. Fellet cross-appeals the judgment in favor of Seagos and Freemans, contending that his performance was excused under the doctrine of impossibility and that the action should have been dismissed for failure to join all the other owners in the subdivision as indispensable parties. Although the City of Lakewood has filed a brief in this court, there are no issues raised on appeal concerning it. We affirm in part and reverse in part.

The plaintiffs are or were lot owners in a subdivision which at that time was part of unincorporated Jefferson County and is now in the City of Lakewood. They entered into a contract with Fellet, the subdivision owner, whereby Fellet agreed to pave certain roads in the subdivision upon completion of building on the fourth lot sold. The paving of the roads was to be an improvement located on property not owned by the promisees. Such facilities are commonly known as "off-site" facilities.

When building on the fourth lot was completed, Fellet sought a building permit to pave the roads. He was informed by the City of Lakewood that since part of the subdivision was on a 100-year flood plain, certain drainage requirements would have to be met. Fellet negotiated with the City and obtained several concessions as to width and curbing requirements, but because of the added expense associated with compliance with the drainage requirement, he decided not to pave the roads.

The trial court found that Fellet breached the contract and that Lakewood was not liable for tortious interference. The court awarded damages based on the cost of paving the roads divided by the proportion of the roads on which each plaintiff's property abutted.

Louis A. Weltzer, Denver, for plaintiffs-appellants and cross-appellees.

Banta, Hoyt, Banta, Greene, Hannen & Everall, Richard D. Greene, Englewood, for defendant-appellee, third-party plaintiff and cross-appellant.

Gorsuch, Kirgis, Campbell, Walker, & Grover, Wiley Y. Daniel, Mary E. Walta, Denver, for third-party defendant.

KELLY, Judge.

Plaintiffs Seagos and Freemans appeal the amount of damages awarded them after a trial to the court in a breach of contract action against defendant Fellet, arguing that the proper measure of damages was the diminution in value to their property rather than the cost of Fellet's performance. Plaintiffs Emmit and Keith Yates appeal the trial court's dismissal of

## I.

The Seagos and the Freemans argue that the trial court erred in measuring their

damages by the cost of performance by the injured party, rather than the diminution in the value of their property occasioned by Fellet's failure to make the "off-site" improvements. We agree.

■ The paramount objective in measuring contract damages is to place the non-breaching party in the position he would have enjoyed were it not for the breach. *Taylor v. Colorado State Bank,* 165 Colo. 576, 440 P.2d 772 (1968). Here, plaintiffs bargained for paved roads and expected that the value of their property would thereby be enhanced.

■ The case of *Kniffin v. Colorado Western Development Co.,* 622 P.2d 586 (Colo.App.1980) also concerned promised off-site improvements in a subdivision. This court awarded damages based on the theory that:

> "the proper measure of damages to a person injured by breach of contract for failure to construct off-site improvements is the diminution in value of the property purchased."

While in *Kniffin* the cost of performance was disproportionately greater than the diminution in value of the properties, application of the diminution-in-value measure of damages is no less applicable here. We reaffirm the principle that, unless the breaching party will thereby be unduly punished, the proper measure of damages for failure to construct off-site improvements is the diminution in value of the property. *See Coughlin v. Blair,* 41 Cal.2d 587, 262 P.2d 305 (1953); *Barcroft Woods, Inc. v. Francis,* 201 Va. 405, 111 S.E.2d 512 (1959).

## II.

■ The trial court dismissed the claims of plaintiffs Emmit and Keith Yates because they failed to join their wives, each a joint tenant with her husband, in the action.

The issue is whether joint tenants are indispensable parties under C.R.C.P. 19(a) which states:

> "A person who is properly subject to service of process in the action shall be joined as a party in the action if: (1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

The determination of whether a person not present in an action is indispensable is made under the standard posited in *Woodco v. Lindahl,* 152 Colo. 49, 380 P.2d 234 (1963):

> "The test ... may be stated thus: Is the absent person's interest in the subject matter of the litigation such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the right of such absent person?
>
> . . . .
>
> '[I]ndispensable parties' are those having such an interest in [the] subject-matter of [the] controversy that final decree between parties before the court cannot be made without affecting their interests or leaving [the] controversy in such situation that its final determination may be inequitable."

In *Weng v. Schleiger,* 130 Colo. 90, 273 P.2d 356 (1954), the Colorado Supreme Court dismissed a wife's action for damage to an automobile jointly owned by the husband and wife. The court held that under C.R.C.P. 19(a) the husband was an indispensable party without whose presence the court could not properly exercise jurisdiction. That rule is equally applicable here.

While it would be possible for the court to apportion the damages in such a way as

to give each plaintiff only his share of the aggregate award, the possibility of multiple lawsuits with potentially contradictory results compels the dismissal of the actions of these plaintiffs for failure to join indispensable parties.

### III.

Fellet cross-appeals, arguing that his performance on the contract was rendered impossible by the drainage requirements imposed by the City of Lakewood, and that the plaintiffs' action should have been dismissed for failure to join the other owners in the subdivision as indispensable parties. Fellet's performance was not excused under the doctrine of impossibility.

 This is not a situation in which intervening government regulatory action prohibits performance, or where performance requires the issuance of a license which is unobtainable, but is, rather, one in which the intervening action merely renders performance more costly. Since increased costs are not grounds for rescission of a contract, *Beals v. Tri-B Associates*, 644 P.2d 78 (Colo.App.1982), Fellet could not avoid his obligation to perform by citing the city's drainage requirements. *See Littleton v. Employers Fire Insurance Co.*, 169 Colo. 104, 453 P.2d 810 (1969); *Levine v. Rendler*, 272 Md. 1, 320 A.2d 258 (Md.App.1974); *407 East 61st Garage, Inc. v. Savoy Fifth Avenue Corp.*, 23 N.Y.2d 275, 296 N.Y.S.2d 338, 244 N.E.2d 37 (Court of Appeals 1968).

Fellet's argument that the plaintiffs' action should have been dismissed for failure to join the other owners in the subdivision as indispensable parties is also without merit. Since determining the diminution in value of these plaintiffs' properties does not affect the rights of the other lot owners, a final, equitable determination is possible in this case without the joinder of the other owners. *See Woodco v. Lindahl, supra.*

The judgments as to Emmit and Keith Yates and as to the City of Lakewood are affirmed. The judgment as to the remaining plaintiffs is affirmed as to liability of defendant and reversed as to the amount of damages, and the cause is remanded for a new trial on the issue of damages only as to the Seagos' and Freemans' claims.

SMITH and VAN CISE, JJ., concur.