**Adalouise C. DUNNE, as Trustee for the Adalouise C. Dunne Trust, Plaintiff–Appellant,**

v.

**SHENANDOAH HOMEOWNERS ASSO-CIATION, INC.; Shenandoah Homeowners Association, Inc., Board of Directors; Shenandoah, Ltd.; Paul Warner; Terrianne Warner; Oliver F. Kress; Brigitte C. Kress; Eugene Sheffield Wilder; Priscilla G. Wilder; Theodore C. Steffens; Steve J. Jacobs; and Connie A. Jacobs, Defendants–Appellees,**

**and**

**The Architectural Control Committee of Shenandoah Homeowners Association, Inc.; Timothy Atcock; Cindy Goldino; Jerrald Altman; Eleanor Altman; Peter Bartol; Rose Marie Bartol; Zeke Baumgardner; Glenda Baumgardner; Robert Belcher; Jodie Birch; Allen Bowman; Frances Bowman; Gene Bradley; Sally Bradley; Doug Close; Kathy Close; Alexandra Davidson; Robert Davidson; Tanis Duncan; Howard Kashman; Brent Durling; Lyndel Durling; Karen Greenlee–Hansjeroen; Gary Hauer; Susan Hauer; Gunther Hektor; Marcia Hektor; Neal Jeffrey; Margaret Jeffrey; John Jeffrey; Dave Johnson; Vicky Johnson; Terry A. Hutchinson; Charles Brannen; Elizabeth Brannen; Louis Loeser; Mary Loeser; Mary Moseley; Charles Rigby; Robert Neuman; Kim Pardini; Sheri Pardini; Arthur Roeca; Jodie Roeca; Virginia Rooney; Debbie Hart; Mike Rosenkranz; Kathy Taylor; Don Rugg; Mark Schlechten; Judy Schlechten; William Shaw; Greg Sparks; Katie Sparks; Paul Staby; Carolyn Staby; William Stone; Ronda**

Stone; Jack Taub; Sharon Taub; Marc Tice; Linda Tice; Oscar Trono; Steve Usaitis; Janelle Weir; Bill Weir; Andras Westwood; Lorraine Westwood; Geoffrey Wolf; and Lynn Wolf, Defendants.

No. 99CA0433.

Colorado Court of Appeals,
Div. I.

April 13, 2000.

As Modified on Denial of Rehearing
June 1, 2000.

Certiorari Denied Nov. 14, 2000.

Shand, Newbold & Chapman, P.C., Paul Whistler, Durango, Colorado; Law Office of Tanis A. Duncan, Tanis A. Duncan, Tucson, Arizona, for Plaintiff–Appellant.

Hall & Evans, L.L.C., Alan Epstein, Clinton P. Swift, Denver, Colorado, for Defendant–Appellee Shenandoah Homeowners Association, Inc.

Dugan & Rasure, Thomas P. Dugan, Durango, Colorado, for Defendants–Appellees Paul Warner, Terrianne Warner, Oliver F. Kress, Brigitte C. Kress, Eugene Sheffield Wilder, Priscilla G. Wilder, Theodore C. Steffens, Steve J. Jacobs, and Connie A. Jacobs.

No Appearance for Defendants.

Opinion by Judge RULAND.

This is an action to enforce certain restrictive covenants. Plaintiff, Adalouise C. Dunne, as trustee for the Adalouise C. Dunne Trust, appeals from the trial court order granting partial summary judgment in favor of defendants, Shenandoah Homeowners Association, Inc. (Association); Shenandoah Homeowners Association, Inc., Board of Directors; Shenandoah, Ltd.; Paul Warner; Terrianne Warner; Oliver F. Kress; Brigitte C. Kress; Eugene Sheffield Wilder; Priscilla G. Wilder; Theodore C. Steffens; Steve J. Jacobs; and Connie A. Jacobs. We affirm in part, reverse in part, and remand with directions.

In 1984, the original developer of the Shenandoah subdivision recorded a "Declaration of Protective Covenants" covering part of the subdivision (the "sub-area"). The sub-area was legally described by a metes and bounds description attached to the covenants.

The covenants expressly prohibited owners from maintaining sheep on any tracts within the sub-area. No provisions were included providing for amendment or revocation of the covenants.

In 1989, after four tracts in the sub-area had been sold, the developer recorded an instrument purporting to revoke the 1984 covenants insofar as they applied to the remaining land in the sub-area. In addition, the developer recorded a second set of cove-

nants (the 1989 covenants) that purported to apply to the remaining land in the sub-area. The parties disagree on whether these covenants properly authorize the maintenance of sheep on tracts within the sub-area. None of the four original tract owners consented to revocation of the 1984 covenants or to the adoption of the 1989 covenants.

On the plat submitted to the trial court, some parcels within the sub-area are referred to as tracts and others as lots. Plaintiff and the Warners purchased lots in the sub-area after the 1989 covenants were recorded. The deeds transferring title to these parties, however, referenced both the 1984 and the 1989 covenants.

Later, the Warners asked permission of the Association to have sheep on their property during the times that they train sheepdogs. In response to this request, the Association adopted a rule "clarifying" the animal provision of the 1989 covenants to permit landowners to maintain a certain number of sheep on their property. Since that time, the Warners have continued to keep sheep on their lot.

In 1996, plaintiff brought this action seeking an order directing the Association to require removal of the Warners' sheep. Plaintiff alleged that the revocation of the 1984 covenants was invalid and that the 1984 covenants precluded the Warners from having sheep on their property.

The trial court entered four orders relevant to this appeal. First, the trial court ordered that, despite an entry of appearance by the Association, all of the individual property owners in the development would be joined as indispensable parties.

Second, in response to cross-motions for summary judgment, the court issued an order determining that the 1989 covenants controlled and that those covenants permitted the Warners to maintain sheep on their property.

Third, to the extent that appellees requested summary judgment in their favor based upon various affirmative defenses to plaintiff's complaint, the trial court denied appellees' motion based upon its determination

that there were disputed issues of fact relative to these defenses.

Finally, the court awarded attorney fees and costs to defendants based upon § 38–33.3–123, C.R.S.1999, of the Colorado Common Interest Ownership Act (CIOA). This appeal followed.

■ Entry of summary judgment is appropriate where there are no genuine issues of material fact. The parties agree that the relevant facts are not in dispute as to the adoption and application of the 1984 covenants. *See Civil Service Commission v. Pinder,* 812 P.2d 645 (Colo.1991). Hence, we review the propriety of the summary judgment in the same manner as the trial court. *See Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995).

I.

■ Plaintiff contends that the trial court erred in failing to conclude that the 1984 covenants apply so as to preclude maintenance of sheep. Specifically, plaintiff argues that the instrument purporting to revoke the 1984 covenants was ineffective because the parties owning tracts acquired prior to 1989 did not consent to the revocation.

Defendants respond that the 1984 covenants apply only to the four original tracts and that the trial court properly determined that the 1989 covenants apply to the remaining land within the sub-area. We agree with plaintiff.

Initially, we note that none of the parties contends that the provisions of the CIOA apply to the purported revocation of the 1984 covenants and the adoption of the 1989 covenants. *See* § 38–33.3–115, C.R.S.1999.

Turning then to appellate decisions relative to this issue, one division of this court has held that a covenant running with the land in a subdivision may be modified or terminated if the developer complies with the requirements contained in the covenants. *See Brown v. McDavid,* 676 P.2d 714 (Colo. App.1983).

Another division has held that, if the covenants contain a specific procedure for modifi-

cation, that procedure must be strictly followed unless there is unanimous consent to the amendment of all of the landowners within the subdivision. *See Johnson v. Howells,* 682 P.2d 504 (Colo.App.1984). However, no case has addressed whether the developer may unilaterally change the covenants without the consent of lot owners when the covenants are silent as to modification or revocation.

■ With reference to the unilateral efforts of a developer to revoke or modify recorded covenants, at least one court has held that the developer retains the right to amend the covenants until the first lot is sold. *See Wischmeyer v. Finch,* 231 Ind. 282, 107 N.E.2d 661 (1952). However, if the developer sells one or more of the lots prior to the attempted revocation, the revocation is invalid because those who purchased in the subdivision previously did so upon the expectation of the benefit of the covenants. *See Kauffman v. Roling,* 851 S.W.2d 789 (Mo. App.1993); *Exchange National Bank v. City of Des Plaines,* 32 Ill.App.3d 722, 336 N.E.2d 8 (1975); *see also* 9 R. Powell, *Powell on Real Property* § 60.08 (1999).

Here, affidavits from owners of two of the tracts purchased after adoption of the 1984 covenants state that the purchase of their lots was made in reliance on those covenants. Finally, the record reflects that other lots in the sub-area are situated to the north, south, and west of the four original tracts. Activities and uses not authorized by the 1984 covenants would impact those lots. Under these circumstances, we necessarily conclude that the attempt to revoke the 1984 covenants was invalid.

## II.

■ In support of the judgment, and relying on *Woodmoor Improvement Ass'n v. Brenner,* 919 P.2d 928 (Colo.App.1996), appellees argue that the trial court erred in failing to grant their motion for summary judgment on the various affirmative and equitable defenses raised to the plaintiff's complaint. Appellees rely upon affidavits indicating that numerous owners, including plaintiff, have violated a number of the covenants. In essence they assert that the 1984 covenants were ignored and abandoned.

The record reflects, however, that the trial court denied this motion on the basis that there were material issues of disputed fact. That order is not subject to review on appeal. *See Feiger, Collison & Killmer v. Jones,* 926 P.2d 1244 (Colo.1996).

## III.

■ Plaintiff next contends that the trial court erred when it required that all of the property owners within the development be brought into the action as indispensable parties pursuant to C.R.C.P. 19, C.R.C.P. 57(j), and § 13–51–115, C.R.S.1999. Specifically, plaintiff contends that the appearance of the Association was sufficient to represent the interests of the individual landowners. We find no reversible error.

■ Unless the trial court's resolution of a joinder issue reflects a clear abuse of discretion, we may not overturn that decision on appeal. *See Lyon v. Amoco Production Co.,* 923 P.2d 350 (Colo.App.1996). The issue whether a party is characterized as indispensable turns on the facts of each case. *I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882 (Colo.1986).

■ While injury to the absent party is the most important factor in determining indispensability, other factors are recognized such as the danger of inconsistent decisions, avoidance of multiplicity of suits, and the reluctance of a court to render a decision which will not finally settle the controversy before it. *Davis v. Maddox,* 169 Colo. 433, 457 P.2d 394 (1969).

Pursuant to C.R.C.P. 57(j) and § 13–51–115, when declaratory relief is sought, "all persons shall be made parties who have or claim any interest which would be affected by the declaration...." Here, plaintiff's complaint requested a declaration that the 1984 covenants controlled the maintenance of animals in the sub-area. Thus, the interests of all the individual landowners were affected.

Additionally, although the Association entered an appearance in this case, the individ-

ual members of the Association had potentially conflicting interests with each other and with the Association itself. The fact that § 38–33.3–302(1)(d) gives a homeowner's association standing to sue, defend, or intervene in a lawsuit under CIOA, does not change the result here. Thus, under the circumstances, we cannot conclude that the trial court abused its discretion in requiring joinder of the landowners.

## IV.

■ Plaintiff contends that, even if the court finds on remand that she is precluded from enforcing the 1984 covenants on equitable grounds, the 1989 covenants implicitly preclude maintenance of sheep on any lot within the sub-area. Accordingly, she argues that the trial court erred in ruling to the contrary. We disagree.

The 1989 covenants contained the following provision:

> Commonly accepted household pets such as dogs, cats, birds and fish in reasonable numbers may be maintained within a Residence for domestic purposes but not commercial purposes. Household pets shall be restrained by a fence, cage or leash at all times. . . . Two horses or *bovine* animals may be kept on a lot of five or less acres. One additional such animal may be kept for each additional three acres of lot area. (emphasis supplied)

According to plaintiff, the dictionary definition of bovine limits the authorization of the covenant to cattle but does not include sheep. Plaintiff argues that the definition of "bovine" limits the animals to those "relating to or resembling the ox or cow." *See Webster's Third New International Dictionary* 261. We are not persuaded.

■ The plain language of a restrictive covenant must be interpreted considering its underlying purpose. *See Tucker v. Wolfe,* 968 P.2d 179 (Colo.App.1998). And, any doubt relative to the meaning and application of the covenant must be resolved in favor of the unrestricted use of property. *Nelson v. Farr,* 143 Colo. 423, 354 P.2d 163 (1960). Indeed, the General Assembly has mandated in § 38–34–103, C.R.S.1999, that all restrictions relative to the use or occupancy of real property must be strictly construed. *See Double D Manor, Inc. v. Evergreen Meadows Homeowners' Ass'n,* 773 P.2d 1046 (Colo. 1989).

As the trial court held, unlike the 1984 covenant, the quoted provision does not restrict the specific animals that may be maintained on a lot. Instead, this provision describes the types of animals that are permitted.

In our view, had the intent been to limit or restrict the animals that could be maintained on the lots to cattle, the covenants would have so stated. On this record, and given the obvious purpose of the developer to create a residential subdivision with rural characteristics, we find no rational reason for why "bovine animals" would be permitted and sheep would not. Hence, we find no error in the trial court's ruling.

## V.

The parties agree that the CIOA provision relative to attorney fees, § 38–33.3–123, C.R.S.1999, applies in this proceeding. However, to the extent that fees were awarded to appellees, we must necessarily set that award aside. *See Hallmark Building Co. v. Westland Meadows Owners Ass'n,* 983 P.2d 170 (Colo.App.1999)(interpreting and applying § 38–33.3–123).

■ To the extent that plaintiff requests this court to remand for entry of an order for fees, we decline. By the express language of the statute, an award is due the prevailing party if that party prevails on a "claim." Given that the merits of appellees' various affirmative defenses have not yet been adjudicated, we are unable to conclude that plaintiff may be characterized as the prevailing party on a single claim. *See Hallmark Building Co. v. Westland Meadows Owners Ass'n, supra.*

In light of the above, that part of the order denying summary judgment to defendants on its affirmative defenses is affirmed. That part of the order determining that the 1984 covenants do not apply to the sub-area is reversed, and the cause is remanded for fur-

ther proceedings consistent with the views expressed in this opinion.

Judge METZGER and Judge NIETO concur.