CLUBHOUSE AT FAIRWAY PINES,
L.L.C., Plaintiff–Appellee,

v.

FAIRWAY PINES ESTATES OWNERS
ASSOCIATION, Defendant–
Appellant.

No. 07CA1368.

Colorado Court of Appeals,
Div. A.

Aug. 7, 2008.

Rehearing Denied Dec. 4, 2008.

Certiorari Granted Aug. 31, 2009.

Fleming & Stern, John J. Fleming, Jr., Susan C. Baker, Montrose, Colorado, for Plaintiff–Appellee.

Hoskin, Farina & Kampf, P.C., Michael J. Russell, David M. Dodero, Andrew H. Teske, Grand Junction, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

In this dispute over the meaning of "club" in a declaration and restrictive covenants, defendant, Fairway Pines Estates Owners Association, Inc. (the Association), appeals the judgment entered following a bench trial in favor of plaintiff, Clubhouse at Fairway Pines, L.L.C. (Clubhouse), and the award of attorney fees to Clubhouse. We reverse the judgment for failure to join as indispensable parties the lot owners who belong to the Association (the Owners), vacate the attorney fees order, and remand for further proceedings.

## I. Facts

The following facts are undisputed. The Association is the owners' association for Fairway Pines Estates, a residential golf community subject to the declaration of Covenants, Conditions, Restrictions and Easements for Fairway Pines Estates, a Planned Unit Development (the Declaration). Although the term "club" is not defined in the Declaration, it provides that the Owners, none of whom is a defendant in this action, are members of the golf course and club, for which they must pay dues to be assessed and collected by the Association.

Upon approval of the PUD, the original developer operated an existing building on Lot C 104 as a temporary pro shop and club, intending to construct a permanent club on Lot CV 103. Because of financial difficulties, that developer abandoned the project and transferred Lot C 104 to its lender. Clubhouse acquired this lot and it has continued to provide services to the Owners from the existing building. The current developer, Strategic Real Estate Group (SREG), owns Lot CV 103, which remains unimproved.

Clubhouse brought this action to resolve a dispute over the Association's failure to collect club dues from the Owners for its benefit, asserting claims for breach of the Declaration, breach of contract, and tortious interference with prospective business advantage. The Association counterclaimed for a declaration reforming the Declaration to provide that "club" referred to Lot CV 103 and not to Lot C 104.

In its bench ruling, the court observed that "both parties have asked for equitable relief. They have asked for, essentially, a declaratory judgment. . . . If you look at Rule 57, declaratory judgments, it specifically talks about further relief, based on a declaratory judgment or decree may be granted whenever necessary or proper."

In a subsequent written order, the trial court found, inter alia, that "the 'Club' as described in the [Declaration] was clearly intended to be a clubhouse on Lot C 104;" that Clubhouse has provided club amenities, which it is obligated to do, "and has the corresponding right to the dues;" that "[t]here has been a breach of the covenants, and [Clubhouse] is entitled to relief;" and that "[t]he obligation to run the club and the right to collect the dues to support the club [are] covenants that run with the land."

Although the written order did not mention declaratory relief, the court held that: (1) Clubhouse is entitled to receive all club dues since June 1, 2005, for breach of the Declaration; (2) the Association must assess, collect, and pay to Clubhouse current and future dues; (3) Clubhouse must continue to provide a club facility to the Owners; and (4) once the permanent clubhouse is operational, the club dues will be split 50–50 between Clubhouse and the new facility.

The court denied the Association's C.R.C.P. 59 motion, which for the first time raised indispensability of the Owners, ruled that Clubhouse was entitled to recover attorney fees as "primarily the prevailing party in its claim for breach of the covenants," and directed the parties to set a hearing on reasonableness of fees. That hearing did not occur because of a stay pending appeal.

## II. Indispensable Parties

The Association contends the judgment must be reversed because the Owners are indispensable parties under C.R.C.P. 19(a). We agree.

C.R.C.P. 19(a) requires joinder of a person subject to service of process if:

(1) In his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the

subject of the action and is so situated that the disposition of the action in his absence may: (A) As a practical matter impair or impede his ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

In general, all parties having an interest in the property at issue must be joined. *Weng v. Schleiger*, 130 Colo. 90, 97, 273 P.2d 356, 359 (1954). Joinder is not required if the award will not affect property values of the absent owners. *Seago v. Fellet*, 676 P.2d 1224, 1227 (Colo.App.1983).

Here, the Association argues that the trial court's interpretation of "club" in the Declaration as requiring that dues be collected from the Owners for payment to Clubhouse, its determination that club dues would be split 50–50 upon completion of a permanent facility, and its holding that its interpretations run with the land, all affect the Owners, and particularly SREG, thus making them indispensable parties under C.R.C.P. 19(a). *See Dunne v. Shenandoah Homeowners Ass'n*, 12 P.3d 340, 345 (Colo.App.2000) (in action concerning declaration involving protective covenants, "the interests of all the individual landowners were affected"); *accord Good v. Bear Canyon Ranch Ass'n*, 160 P.3d 251, 257 (Colo.App.2007).

Clubhouse responds that the Association waived this issue by not raising it before judgment, that if this issue is properly before us the Owners are not indispensable parties, and that in any event the Association adequately represented their interests under the Colorado Common Interest Ownership Act, sections 38–33.3–101 to –319, C.R.S.2007 (CCIOA). We reject each of these assertions.

### A. Absence of Indispensable Party Not Waived

Initially, we decline to address absence of an indispensable party as a lack of jurisdiction because precedent from our supreme court leaves that approach in doubt. *Compare Centennial Cas. Co. v. Lacey*, 133 Colo. 357, 363, 295 P.2d 690, 694 (1956)("even if indispensable parties are omitted it does not raise a question of jurisdiction"), *with Weng*, 130 Colo. at 97, 273 P.2d at 359 ("the husband was an indispensable party, without which the court could not properly proceed because of lack of jurisdiction"); *see* Current Development, *Civil Procedure: Application of "Indispensable Party" Provision of Colo. R. Civ. P. 19—the "Procedural Phantom" Still Stalks in Colorado*, 46 U. Colo. L.Rev. 609 (1975).

Although another division has taken the jurisdictional approach, *see, e.g., Seago*, 676 P.2d at 1226, we are not bound to follow it. *Ochoa v. Vered*, 186 P.3d 107, 113 (Colo. App.2008).

Whether failure to raise the absence of an indispensable party before judgment waives this issue is unclear under Colorado law.

On the one hand, "[j]oinder has even been required under this rule after trial where the issue was first raised on appeal." *Potts v. Gordon*, 34 Colo.App. 128, 134, 525 P.2d 500, 503 (1974); *see also In re Marriage of Helmich*, 937 P.2d 897, 902 (Colo.App.1997) (Criswell, J., concurring in part and dissenting in part) ("[T] he question of indispensability can be raised for the first time on appeal."). However, in *Potts* the absence of an indispensable party had been raised midtrial.

On the other hand, in *Greco v. Pullara*, 166 Colo. 465, 470, 444 P.2d 383, 385 (1968), the court found waiver when the issue was raised only after entry of judgment, preceded by six years of litigation. It explained that C.R.C.P. 12(h) does not mean that "a party with the necessary information to make a motion for joinder of an indispensable party at his disposal can sit back and raise it at any time in the proceedings, when the only effect . . . would be to protect himself." 166 Colo. at 470–71, 444 P.2d at 385 (quoting *Benger Labs., Ltd. v. R.K. Laros Co.*, 24 F.R.D. 450, 452 (E.D.Pa.1959)).

In *Karakehian v. Boyer*, 900 P.2d 1273, 1280 (Colo.App.1994), *aff'd in part and rev'd in part on other grounds*, 915 P.2d 1295 (Colo.1996), a landlord's claim for damages against the tenant's damage deposit, the divi-

sion refused to reduce the damages by one-half because the landlord's wife, a co-owner, was not a party but could have raised her own claim against the tenant. The division cited *Potts* for the principle that the absence of an indispensable party could be raised at any stage of the proceedings, but relied on *Greco* to reject the tenant's assertion, pointing out that the tenant had an opportunity "to insist upon joinder at trial," and was raising indispensability "for his own protection rather than that of the allegedly indispensable person." *Id.*

In reconciling these pronouncements, we are informed by the Supreme Court's explanation in *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968):

> When a case has reached the appeal stage the matter is more complex. The judgment appealed from may not in fact affect the interest of any outsider even though there existed, before trial, a possibility that a judgment affecting his interest would be rendered. When necessary, however, a court of appeals should, on its own initiative, take steps to protect the absent party, who of course had no opportunity to plead and prove his interest below.

390 U.S. at 110–11, 88 S.Ct. 733 (footnote omitted). *Provident Tradesmens* was cited in *Potts.*

If a court can act sua sponte on appeal to protect an absent party, then we perceive no reason why a party would be foreclosed from raising the same issue after judgment. Because the waiver analyses in *Greco* and *Karakehian* both focused on self-interest of the party raising the issue after judgment, rather than on the need to protect absent parties, we do not view those cases as to the contrary.

In *Enterprise Management Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 893 (10th Cir.1989), the court rejected waiver based on the advisory committee comments to Fed.R.Civ.P. 12(h)(2):

> It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted [and]

failure to join a party indispensable under Rule 19 ... are expressly preserved against waiver by amended subdivision (h)(2) and (3).

C.R.C.P. 12(h) parallels its federal counterpart. *See Benton v. Adams*, 56 P.3d 81, 86 (Colo.2002)("When a Colorado Rule is similar to a Federal Rule of Civil Procedure, we may look to federal authority for guidance in construing the Colorado rule.").

Nonwaiver is also consistent with the emphasis on equitable considerations under comparable Fed.R.Civ.P. 19(a). *See, e.g., Lone Star Indus., Inc. v. Redwine*, 757 F.2d 1544, 1552 (5th Cir.1985); *Kansas City S. Ry. Co. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825 fn. 2 (8th Cir.1980); *Glenny v. Am. Metal Climax, Inc.*, 494 F.2d 651, 653 (10th Cir.1974); *see generally* 7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure: Civil* § 1611.

■ Here, we conclude that indispensability has not been waived for the following reasons:

- Unlike in *Greco* and *Karakehian*, the Association raised indispensability to protect the interests of absent parties rather than to protect itself against possible future claims by such parties. *See Provident Tradesmens Bank*, 390 U.S. at 110 n. 4, 88 S.Ct. 733.

- As the defendant, the Association did not choose the parties to the action. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158 163 (Tex.2004) (risk that homeowners' association seeking declaratory relief may be subject to inconsistent judgments unless each homeowner joined "is the product of its own inaction" for having failed to join all homeowners).

- Our analysis of indispensability is not confounded with factual disputes better resolved by the trial court. *See C.E. Alexander & Sons, Inc. v. DEC Int'l, Inc.*, 112 N.M. 89, 811 P.2d 899, 902 (N.M.1991); *cf. Moody v. People*, 159 P.3d 611, 616 (Colo.2007)(noting appellate court's "tenuous position of resolving fundamental facts" not developed in proceedings below).

Accordingly, we turn to whether the Owners are indispensable parties.

## B. The Owners are Indispensable Parties

■ Whether a party is indispensable depends on the facts of each case. *Dunne,* 12 P.3d at 344. Although some divisions have described a joinder determination as reversible only for clear abuse of discretion, other divisions have framed the issue as a mixed question of law and fact. *Compare Good,* 160 P.3d at 256, *with Cruz–Cesario v. Don Carlos Mexican Foods,* 122 P.3d 1078, 1079 (Colo.App.2005).

■ When pertinent facts are undisputed in mixed question cases, the ultimate conclusion becomes an issue of law. *See, e.g., In re Estate of Sheridan,* 117 P.3d 39, 41 (Colo. App.2004). A trial court abuses its discretion when it misconstrues or misapplies the law. *DeLong v. Trujillo,* 25 P.3d 1194, 1197 (Colo. 2001).

Under C.R.C.P. 57(j) and section 13–51–115, C.R.S.2007, when declaratory relief is sought, "all persons shall be made parties who have or claim any interest which would be affected by the declaration." This language has been cited in decisions requiring that all owners in a common interest community be joined. *See Good,* 160 P.3d at 256; *Dunne,* 12 P.3d at 345.

■■ Where a pleading "is in substance a petition for declaratory judgment, we treat it accordingly." *Wilson v. C & M Used Cars,* 46 Ark.App. 281, 878 S.W.2d 427, 428 (1994); *see also Boulevard Gardens Tenants Action Comm., Inc. v. Boulevard Gardens Housing Corp.,* 88 Misc.2d 98, 388 N.Y.S.2d 215, 218 (Sup.Ct.1976)(class notice to all tenants not required because action was in substance for declaratory relief). And where that is the substance, if not the form, of the action, a court may consider indispensability. *De Pinho Vaz v. Shaughnessy,* 112 F.Supp. 778, 779 (S.D.N.Y.), *aff'd,* 208 F.2d 70 (2d Cir. 1953).

■ Here, although Clubhouse's complaint sought recovery of uncollected dues based on breach of the Declaration, the trial court properly recognized that relief could be granted only after having interpreted the term "club" in the Declaration. Further, the court decreed the future relationship between Clubhouse and a permanent facility in sharing dues, expressly referring to its power to enter declaratory relief.

Accordingly, based on undisputed facts we conclude that the Owners are indispensable parties as a matter of law, and that in holding otherwise, the trial court misapplied the law. Next, we consider whether the Owners, although absent, were nonetheless adequately represented.

## C. Inadequate Representation by the Association

■ We reject the assertion that CCIOA establishes the adequacy of the Association's representation as a matter of law.

Under section 38–33.3–311(1), C.R.S.2007, "any action alleging an act or omission by the association must be brought against the association and not against any unit owner." This section is entitled "Tort and contract liability." It is intended to "change the law in states where plaintiffs are forced to name individual unit owners as the real parties in interest to any action brought against the association." Uniform Common Interest Ownership Act § 3–111 cmt. 1; *see Giguere v. SJS Family Enters., Ltd.,* 155 P.3d 462, 467 (Colo.App.2006)("We accept the intent of the drafters of a uniform act as the General Assembly's intent when it adopts that uniform act.").

For reasons discussed above, this action did more than resolve contract liability. Therefore, section 38–33.3–311(1) does not establish adequacy of representation.

■ We reach the same conclusion as to section 38–33.3–302(1)(d), C.R.S.2007, which empowers an owner's association to defend litigation "in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community." This provision confers standing. *See* Uniform Common Interest Ownership Act § 3–102 cmt. 3 ("[I]n the absence of a statutory grant of standing such as that set forth in paragraph (4), some courts have held that a condominium association, because it has no

ownership interest in the condominium, has no standing to bring, defend, or intervene in litigation or administrative proceedings in its own name."). However, it does not address the need to protect absent owners. *See Dunne*, 12 P.3d at 345 ("The fact that § 38-33.3–302(1)(d) gives a homeowner's association standing ... in a lawsuit under CIOA [sic], does not change the result here [of requiring joinder of the landowners].").

As the court observed in *City of Middletown v. Meadows Assocs. of Middletown, Inc.*, 45 Conn.Supp. 261, 711 A.2d 1, 4 (1998), the similarly worded Connecticut version of section 38–33.3–302(1)(d) "lists defense of litigation as a *permitted* activity of an association, but it does not provide, as the plaintiffs imply, that all suits against the interests of unit owners are to be brought against the association, without individual notice to the unit owners that their property rights are in jeopardy." (Emphasis in original.)

■■■ Nevertheless, before reversing for nonjoinder, we must consider whether the Association adequately protected the Owners interests. *See, e.g., Hooper v. Wolfe*, 396 F.3d 744, 749 (6th Cir.2005) ("When assessing prejudice, the court must consider whether the interests of an absent party are adequately represented by those already a party to the litigation."); *McCulloch v. Glasgow*, 620 F.2d 47, 51 (5th Cir.1980)(no joinder required when the judgment does not prejudicially affect the interests of the absent parties). We conclude that it did not.

■■■ Where a conflict exists between a party and the absent party, representation is not adequate. *Manygoats v. Kleppe*, 558 F.2d 556, 558 (10th Cir.1977). In *Dunne*, 12 P.3d at 344–45, the division further noted that "the individual members of the Association have potentially conflicting interests with each other and with the Association." *See also Good*, 160 P.3d at 256. Like the broader issue of indispensability, conflict analysis generally turns on the facts of each case. *See, e.g., King v. Enterprise Rent–A–Car Co.*, 231 F.R.D. 255, 264

(E.D.Mich.2004)(conflict among class members).

On the particular facts before us, conflicting interests exist. For example, some owners may prefer to avoid the financial burden of continuing to fund Clubhouse pending construction of a permanent facility, while others may want to assure ongoing services from Clubhouse until the permanent facility is built. Many Owners may not wish to continue funding Clubhouse after the permanent facility is available. In particular, SREG, as the potential owner and operator of the permanent facility, would have no reason to favor payment of *any* dues to Clubhouse following completion of that facility.

Therefore, we conclude that the Association is not an adequate representative of the Owners.

### III. Further Proceedings

We further conclude that the case should be remanded for a new trial, subject to joinder of the Owners. *See Cruz–Cesario*, 122 P.3d at 1082 ("[I]f there has been a failure to join an indispensable party, the court should not dismiss the action, but rather should join that necessary party or allow the plaintiff an opportunity to do so.").

Finally, because Clubhouse is no longer the prevailing party, the trial court must reconsider awarding attorney fees at the conclusion of remand proceedings.

The judgment is reversed, the order awarding attorney fees is vacated, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge DAVIDSON and Judge STERNBERG * concur.

---

\* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2007.