**Laurence EPSTEIN and Frank L. Root, Individually and as Representatives of a Class of The Owners of Certain Condominiums Within Villa Dorado Condominiums, Respondents,**

v.

**VILLA DORADO CONDOMINIUM ASSOCIATION, INC., Appellant.**

No. ED 93467.

Missouri Court of Appeals, Eastern District, Division Three.

May 4, 2010.

Ira Michael Berkowitz, Marvin J. Nodiff, Co–Counsel, St. Louis, MO, for Appellant.

Steven W. Koslovsky, Maryland Heights, MO, for Respondent.

## Opinion

MARY K. HOFF, Judge.

Villa Dorado Condominium Association, Inc. (Association) appeals from the trial court's judgment, following a bench trial on stipulated facts, in favor of Laurence Epstein and Frank L. Root (collectively referred to as Owners) in their action for declaratory judgment and injunctive relief. On appeal, Association argues the trial court erred in (1) granting judgment in favor of Owners and holding that the cost of elevator repairs must be assessed exclusively against those units in buildings that have elevators, rather than to all units in Villa Dorado Condominium (Condominium) as provided in Section 448.080, RSMo 2000,[1] of the Missouri Condominium Property Act (MCPA) and Section 448.3–115 of the Missouri Uniform Condominium Act (MUCA) and the recorded governing documents of Association; (2) granting judgment in favor of Owners as class representatives; and (3) awarding Owners attorney's fees. We need only address Point II. Finding the trial court lacked jurisdiction to enter judgment in favor of Owners on behalf of all the owners of units not served by elevators when the trial court did not certify such as a class, we reverse and remand for proceedings consistent with this opinion.[2]

### Factual and Procedural Background

Owners filed a suit for declaratory judgment and injunctive relief against Association for adoption of a special assessment to undertake elevator repairs within Condominium. In the declaratory judgment count, Owners prayed that the trial court enter a judgment declaring the assessment against Owners and other class members, consisting of all unit owners not served by elevators, illegal, invalid, and void. The Owners further requested that the assess-

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

2. Given our disposition of the jurisdictional issue, Owners' motion for attorney's fees and Association's motion to dismiss, taken with the case, are denied as moot.

ments be rescinded, any assessments refunded, together with interest and costs for attorney's fees. In the injunctive relief count, the Owners prayed that the trial court enter a permanent injunction against Association and its agents from attempting to assess the cost of elevator repair or any other limited common element from Owners or any member of the class. The trial court tried the issues presented by the declaratory judgment and injunctive relief action based on stipulated facts submitted by the parties. The stipulated facts are as follows:

1. [Condominium] is a residential community located in St. Louis County. It consists of 264 total units in 45 separate buildings. Of these approximately 264 units approximately 72 are located within 9 buildings equipped with elevators. The remaining approximately 192 units are located in buildings which do not have elevators.

2. In order to use one of the elevators, a key is required. Keys are only issued to owners of units in the 9 buildings with elevators.

3. The Condominium was created under and is subject to the [MCPA] and certain applicable provisions of the [MUCA].

4. The Amended and Restated Condominium Declaration For The Villa Dorado Condominium Association, dated March 9, 1995, and recorded at Book 10475, Page 450 of the St. Louis County records, is attached hereto and incorporated by reference herein.

5. Plaintiff Laurence Epstein is the owner of a condominium unit known and numbered as 11835 Cresta Verde Drive. Plaintiff Frank L. Root previously owned a condominium unit known and numbered as 11843 Cresta Verde Drive. Neither of these units is located within a buildings (sic) served by an elevator.

6. Defendant [Association] is the unit owners association of the Condominium and is organized as a Missouri nonprofit corporation. It acts through its board of Managers.

7. In April, 2008, the Board voted to undertake certain repairs to the elevators within the buildings described above. The repairs are a common expense. The estimated cost of these elevator repairs was $351,000.

8. In order to pay for these repairs, the Board voted to make a special assessment against all units within the Condominium including those within buildings not served by an elevator. This special assessment was made in April, 2008, in the following amounts:

| G-2 | 2 Bedroom Units | $1,145.00 |
| G-3 | 3 Bedroom Units | $1,395.00 |
| G-3E | 3 Bedroom (W/ elevator) Units | $1,479.00 |
| T-3 | 3 Bedroom Units | $1,494.00 |
| T-3R | 3 Bedroom Units | $1,589.00 |
| T-3R4 | 3 Bedroom Units | $1,653.00 |
| T-4 | 3 Bedroom Units | $1,770.00 |

9. These special assessments were made to Plaintiffs and their respective units.

Upon submitted briefs, the trial court issued its judgment, which held that the special assessment was illegal, invalid, and void as to all owners in buildings without elevators, and ordered Association to refund all assessments collected from such units. The trial court further held that Association was permanently enjoined from taking further action to enforce said assessment. The trial court ordered Association to pay Owners' attorney's fees in the amount of $2,500. This appeal followed.

## Discussion

■ Initially, we address the issue of our jurisdiction over this appeal in light of the Supreme Court's recent holding in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 251 (Mo. banc 2009). In *Webb*, the court held that Missouri recognizes two kinds of jurisdiction: subject

matter jurisdiction and personal jurisdiction. *Id.* at 253. "[P]ersonal jurisdiction refers quite simply to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests." *Id.* When a court says that it lacks personal jurisdiction, it means simply that the constitutional principle of due process bars it from affecting the rights and interests of a particular person. *Id.* A court obtains jurisdiction over a plaintiff by the filing of a petition, which then continues through all stages of litigation. *Manning v. Fedotin,* 64 S.W.3d 841, 848 (Mo.App. W.D.2002).

■ In their First Amended Petition (Petition), Owners sought an order certifying them as "representatives of a class of owners of condominiums within Villa Dorado who reside in buildings which are not served by elevators.... The proposed class members are so numerous as to make joinder of all members impracticable. There are questions of law and fact common to the class. The claims of [Owners] are typical of the claims of the class. [Owners] will fairly and adequately protect the interests of the class."

■ Before the trial court can certify a case for class action, pursuant to Rule 52.08, all the requirements of the rule must be satisfied. *Dale v. DaimlerChrysler Corp.,* 204 S.W.3d 151, 164 (Mo.App. W.D.2006). As to these requirements, the party seeking class certification has the burden of proof. *Id.* Rule 52.08, which governs class actions, states in pertinent part:

(c) Determination by Order Whether Class Action to Be Maintained—Notice—Judgment—Actions Conducted Partially as Class Actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this Rule 52.08(c)(1) may be conditional and may be altered or amended before the decision on the merits.

(2) In any class action maintained under Rule 52.08(b)(3), the court shall direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each member that: (A) the court will exclude the member from the class if requested by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if desired, enter an appearance through counsel.

Rule 52.08. Pursuant to Rule 52.08(c)(1), certification of a class action must be determined by court order. Here, however, the trial court never issued an order certifying a class such as that requested by Owners in their Petition. Additionally, nothing in the record indicates that the unit owners proposed as part of the class received proper notice as required by Rule 52.08(c)(2).

■ The requirements of Rule 52.08 have been carefully drafted to take into consideration the fact that class actions are a procedural exception to the general principle of jurisprudence that one is not bound by a judgment *in personam* entered in litigation to which he was not designated as a party or made a party by service of process or entry of appearance. *Dale,* 204 S.W.3d at 164. As Missouri courts have consistently held, the requirement of Rule 52.08 are not merely technical or directory, but mandatory. *Id.; Beatty v. Metropolitan St. Louis Sewer Dist.,* 914 S.W.2d 791, 795 (Mo. banc 1995); *State ex rel. Niess v. Junkins,* 572 S.W.2d 468, 470 (Mo. banc 1978); *Moore v. City of Pacific,* 534 S.W.2d 486, 493 (Mo.App.1976). Beyond

the request in the Petition, the record is devoid of any evidence introduced at any time during the lawsuit that would indicate the trial court considered class issues or that the requirements of Rule 52.08 were established. Because there was never proper class certification under Rule 52.08, the trial court erred when it extended the judgment to parties not named in the suit. *Beatty*, 914 S.W.2d at 795–96.[3]

Further, it was error under both Section 527.110 and Rule 87.04 to extend the judgment to those unit owners not a party to the case.[4] Section 527.110 and Rule 87.04 provide, in pertinent part, that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings."[5]

**3.** In *Beatty*, the Missouri Supreme Court stated as follows with respect to whether a party, purportedly a class representative, can request relief to all other similarly situated individuals, not only those named in the suit:

> Whether this type of an action is suited for class action procedure is certainly worthy of consideration. Such a determination, however, must occur in the proper course of a lawsuit. Plaintiffs did not establish either that this was a proper case for class certification or that they were proper class representatives pursuant to Rule 52.08.... It was error for the trial court to order relief concerning individuals and entities who were not parties to the case. 914 S.W.2d at 795–96.

**4.** In *Hardware Center, Inc. v. Parkedge Corp.,* 618 S.W.2d 689, 694 (Mo.App. E.D.1981), this court, in discussing the Declaratory Judgment Act, Section 527.010, *et. seq.,* stated: "[t]he Act does not enlarge the jurisdiction of the court over subject matter or parties ... It merely opens the doors of the court to certain potential defendants or plaintiffs at a stage prior to that justifying an action for other traditional relief."

**5.** In their entirety, Section 527.110 and Rule 87.04 read as follows:

Here, all unit owners not served by elevators were not made parties to the proceedings; however, any declaration made by the trial court affected these owners directly, and therefore, all owners without elevator access had an obvious interest in any judicial declaration regarding the elevators, rendering them an indispensable party to the trial-court proceeding. *See Clubhouse at Fairway Pines, L.L.C. v. Fairway Pines Estates Owners Ass'n,* 214 P.3d 451 (Colo.App.2008); *Cerio v. Hilroc Condominium Unit Owners Ass'n, Inc.* Not Reported in N.E.2d, 2004 WL 529106 (Ohio App. 8 Dist., 2004).[6] As a result, we do not reach the merits of the case.

### Conclusion

The judgment is reversed and remanded for the trial court to allow the Owners an

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.

**6.** Other jurisdictions have confronted very similar factual situations and held that it was reversible error for the trial court to render a declaratory judgment in the absence of all necessary and indispensable parties.

> In *Cerio*, individual property owners filed suit against a condominium association seeking a declaratory judgment regarding whether a special assessment could be imposed on the entire association to repair balconies that only certain unit owners could access. *Cerio*, 2004 WL 529106, *1. The individual property owners argued that the balconies were "limited common areas" and therefore outside the scope of a special assessment to all owners.

opportunity to join parties or to comply with the requirements of Rule 52.08 for class certification.

GLENN A. NORTON, Presiding Judge and LAWRENCE E. MOONEY, Judge, concur.

*Id.* The trial court found the balconies to be "limited common areas" and permanently enjoined the association from placing any liens on the property or pursuing any other remedy for the collection of assessments for the balcony repairs. *Id.* On appeal, the Court of Appeals of Ohio held that the declaratory judgment was void unless all necessary parties were joined. *Id.* at *3. In so holding, the court cited to a provision in Ohio's Declaratory Judgment Act, identical to Missouri's, that provides "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." *Id.* at *2. The court concluded that any judgment rendered would affect the legal interests and claims of those unnamed unit owners and, therefore, their inclusion in the action was required to avoid "piecemeal decisions in numerous cases." *Id.* The court reversed the judgment and remanded the case

to the trial court for joinder of all necessary parties. *Id.*

Similarly, in *Clubhouse at Fairway Pines, L.L.C.,* the Colorado Court of Appeals determined lot owners in a development were indispensable parties in an action where a golf club facility asserted breach of the declaration against the owners association. *Clubhouse at Fairway Pines, L.L.C.,* 214 P.3d at 456. The court found that any judgment rendered would affect the owners' "club dues" and because its interpretation of the declaration would run with the land, it would affect all owners, making them indispensable parties. *Id.* at 454. The court reversed the trial court's judgment for failure to join, as indispensable parties, the lot owners who belonged to the Association, vacated the attorney's fees order, and remanded for further proceedings. *Id.* at 457.