## CITY OF MIDDLETOWN ET AL. *v.* MEADOWS ASSOCIATES OF MIDDLETOWN, INC., ET AL.

Superior Court        Judicial District of     File No. CV950076708S
Middlesex at Middletown

Memorandum filed January 27, 1998

*Middletown city attorney* and *Poliner, Poliner & Antin,* for the plaintiffs.

*Ayars, Kroll & Associates,* for the named defendant et al.

*Moran, Shuster, Carignan & Knierim,* for the defendant Steven L. White.

*Scott Ely,* pro se, defendant.

*John Ferrero,* pro se, defendant.

*Edward Lareon, Jr.,* pro se, defendant.

HODGSON, J. The above-captioned action to foreclose property tax and fire district tax liens came before this court for trial on the merits on December 19, 1997. Posttrial briefs were filed on January 2, 1998. Meadows Condominiums of Middletown Associates, Inc., the defendant condominium association (association), has filed several special defenses to the effect that the taxes that gave rise to the liens are not obligations of the

association but of the developer of the condominium complex or the unit owners, who have not been named as defendants. The association also asserts that no relief can be granted because the plaintiffs have failed to cite and to serve necessary parties.

The court finds the pertinent facts to be as follows. By a condominium declaration executed on December 1, 1987, the declarant developer, the defendant Meadows Associates of Middletown, Inc. (developer), transferred to the owners of condominium units rights to common elements, reserving to itself the right to create further units and common elements. The developer built the complex in phases, amending the declaration periodically. The portion of the complex designated as "phase four" was never built. Foundations for the units in that planned phase were started but had been covered over or otherwise removed by June, 1996, and the area where phase four was to be built is undeveloped land that is part of the common elements of the complex. The reserved development rights expired on December 1, 1994.

The plaintiffs, the city of Middletown (city) and the Westfield fire district (fire district), each filed tax liens against the undeveloped real property at the rear of Smith Street and Westlake Drive where phase four was to have been built and which was part of the common elements of the complex pursuant to the declaration. The city's liens, in the amount of $25,545.66, relate to real estate taxes imposed for the period between July 1, 1991, and July 1, 1993, that were unpaid. The fire district's liens relate to fire taxes, in the amount of $2403.52 imposed for the period between October 1, 1991, and July 1, 1993, that were unpaid. The plaintiffs claim that the common elements that were subject to development rights until December 1, 1994, became the property of unit members after that date but remained subject to the tax liens applicable to the period of the

declarant's ownership. The plaintiffs did not sue the unit owners, rather they named as a defendant the association. The association does not contest the amount of the taxes or of the liens but has filed seven special defenses to the plaintiffs' claim to foreclose these liens.

In its first special defense, the association claims that the plaintiffs are not entitled to relief because they have failed to join necessary parties as defendants, namely, the owners of the condominium units. The defendants claim that this ground was waived because it was not raised by a motion to strike the complaint.

The association asserts that the unit owners, not the association, own the common elements of the condominium development and that each unit owner has an undivided interest in the common elements, including the land at issue, and is, therefore, an indispensable party to the present foreclosure action.

In connection with a mechanic's lien against both common elements and individual condominium units, our Supreme Court has ruled that notice of such a lien must be served on all of the owners of the property sought to be foreclosed, and that service on the condominium association alone was insufficient to protect the statutory and constitutional rights of the unit owners. *Papa* v. *Greenwich Green, Inc.*, 177 Conn. 295, 302–303, 416 A.2d 1196 (1979). The holding in *Papa* concerns the parties to be served under the specific statute governing mechanics' liens, and the court must determine whether the statutes concerning the creation of a common interest community or those concerning assessment and collection of real property taxes and fire district taxes similarly require notice to owners of condominium units.

General Statutes § 47-220 (a) provides in pertinent part that a common interest community may be created "only by recording a declaration executed in the same

manner as a deed and, in a cooperative, by conveying the real property subject to that declaration to the association." General Statutes § 47-224 (a) (11) requires that a declaration include "[a]n allocation to each unit of the allocated interests in the manner described in section 47-226." General Statutes § 47-226 (a) provides in pertinent part that "[t]he declaration shall allocate *to each unit*: (1) In a condominium, a fraction or percentage of undivided interests in the common elements and in the common expenses of the association . . . ." (Emphasis added.) The association's declaration duly allocates to each condominium unit an undivided interest in the common elements. The declaration does not allocate ownership of the common elements to the association which was created pursuant to General Statutes § 47-243.

General Statutes § 12-64 provides in pertinent part that taxes on real property should be "set by the [municipal tax] assessors in the list of the person in whose name the title to such interest stands on the land records . . . ." General Statutes § 12-161 provides in pertinent part that assessed property taxes are "a debt due from the person, persons or corporation against whom they are respectively assessed to the town, city, district or community in whose favor they are assessed . . . ." Further, General Statutes § 12-172 authorizes a tax lien against "[t]he interest of each person in each item of real estate, which has been legally set in his assessment list . . . ." The procedures and notice requirements for foreclosure of individual tax liens (as opposed to summary foreclosure of a list of liens collectively, as provided in General Statutes § 12-182) are not specified in General Statutes § 12-181, which is entitled "Foreclosure of tax liens." Section 12-181 provides that the municipal tax collector may bring suit for the foreclosure of tax liens in a civil complaint. Accordingly, the

service requirements are those applicable to civil suits, consonant with principles of due process of law.

Effectuating General Statutes §§ 52-102 and 42-103, Practice Book § 85 provides that a civil suit shall include as defendants all persons who have an interest in the controversy "or whom it is necessary, for a complete determination or settlement of any question involved therein, to make a party." General Statutes § 52-103 provides that, upon motion, the court may cite in a new party or parties to any pending action.

Since the Common Interest Ownership Act provides that the unit owners, not the condominium association, are the owners of common elements, and since the taxation statute permits liens against the record owners of the property, the unit owners are necessary parties, as their ownership interest will be affected by the present foreclosure action. As our Supreme Court stated in *Hilton* v. *New Haven*, 233 Conn. 701, 722, 661 A.2d 973 (1994), quoting *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 305–306, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990), " '[p]arties have been termed indispensable when their interest in the controversy is such that a final decree cannot be made without either affecting that interest or leaving the controversy in such condition that its final disposition may be inconsistent with equity and good conscience.' "

"Joinder of indispensable parties is mandated because due process principles make it 'essential that [such parties] be given notice and an opportunity to protect [their] interests by making [them] a party to the [action].' " *Hilton* v. *New Haven*, supra, 233 Conn. 722–23, quoting *Fong* v. *Planning & Zoning Board of Appeals*, 212 Conn. 628, 634, 563 A.2d 293 (1989).

The failure to file a motion to strike does not constitute a waiver of a claim of failure to join necessary parties, and such an issue may be raised even as late

as on appeal. *Hilton* v. *New Haven*, supra, 233 Conn. 723; *W. G. Glenney Co.* v. *Bianco*, 27 Conn. App. 199, 203, 604 A.2d 1345 (1992); see *Levine* v. *Police Commission*, 28 Conn. App. 344, 351, 612 A.2d 787, cert. denied, 223 Conn. 923, 614 A.2d 823 (1992).

The Appellate Court ruled in *Gaudio* v. *Gaudio*, supra, 23 Conn. App. 305–306, that failure to file a motion to strike for nonjoinder of an indispensable party does not constitute a waiver since the court cannot grant the remedy sought in the absence of a necessary party. In the case before this court, foreclosure of a tax lien cannot be granted against a party that is not the owner of the property against which foreclosure is sought.

The plaintiffs argue that the association is the proper defendant because General Statutes § 47-244 (a) (4) authorizes a condominium association to defend litigation "in its own name on behalf of itself or two or more unit owners on matters affecting the common interest community." While this provision would authorize the association to accept the request of unit owners to take over a joint defense after the unit owners had been sued, the provision does not supersede the statutory provisions making the unit owners, not the association, the owners of common elements. The plaintiffs may not, by choosing to sue only the association, decide for the unit owners that their interests are to be represented by the association rather than as each unit owner sees fit. Section 47-244 lists defense of litigation as a *permitted* activity of an association, but it does not provide, as the plaintiffs imply, that all suits against the interests of unit owners are to be brought against the association, without individual notice to the unit owners that their property rights are in jeopardy. It is noteworthy that General Statutes § 47-254 provides that an association may convey or encumber the common elements only if authorized to do so by 80 percent of the votes of unit

owners in the association, a further indication that an association is not empowered to act on its own as to issues affecting title to common elements and, therefore, is not a statutory substitute for purposes of notice and service of process for the actual owners of the common elements, the unit owners.

The remedy sought by the plaintiffs, foreclosure of liens, necessarily affects the property interest of the unit owners. The plaintiffs cannot, consonant with principles of due process of law, proceed on a claim for foreclosure unless and until they have cited in as a defendant each unit owner who owns an undivided interest in the common elements.

Given that the court cannot proceed until all necessary parties have been cited in, it will not proceed to decide the other issues raised by the plaintiffs, since the unit members must have an opportunity to be heard on those issues.

For the foregoing reasons, therefore, the plaintiffs are ordered to cite in as defendants the unit members who are owners of the property upon which the plaintiffs seek to foreclose; that is, undivided interests in the common elements pursuant to the condominium declaration and § 47-224 (a) (11). The complaint shall be amended to allege the interests of the unit members, and they shall be served in accordance with law and process returned to court with a return day of February 23, 1998.