[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 15820
This matter requires a determination by the court of whether to issue a permanent injunction and orders relating to the ownership of a common interest community, Arrowhead by the Lake (condominium), which is located in Wolcott, Connecticut. The plaintiffs are Arrowhead by the Lake Association, Inc., (Association), and four individuals, Robert Bosco, Stuart Rothenberg, Alan Needleman and Donald Molta, each unit owners, members of the Association and occupants of the condominium. The Association is an association of the condominium unit owners, created by Declaration of Arrowhead (declaration), dated June 29, 1988, and organized pursuant to General Statutes § 47-243[1] of the Common Interest Ownership Act (CIOA)[2] The defendants are Arrowhead by the Lake, Inc. (Arrowhead), Muri Development Corp. (Muri), Fred G. Musano, Sr., and Raymond Rinaldi. Arrowhead is the declarant[3] of the condominium and its sole officers, directors and stockholders are Musano and Rinaldi. Muri is also a Connecticut stock corporation whose sole owners, officers and directors are Musano and Rinaldi. On December 17, 1990, Arrowhead began transferring all of its unsold condominium units to Muri.
In the original declaration, Arrowhead designated certain land described in an exhibit attached to the original declaration creating the condominium. In Article VIII §§ B and H of the original declaration, Arrowhead reserved certain rights, including development rights,[4] on a portion of the condominium land, for not more than seven years. Once Arrowhead recorded the original declaration, all of the condominium land except for the declared units and the reserved rights became common elements of the condominium.
On June 29, 1995, one day before the development and special declarant rights expired, Arrowhead recorded a sixth amended declaration. In the amended declaration, Arrowhead attempted to create seventy-two home site units on the condominium property without the unanimous consent of the unit owners. The amended declaration also purported to do the following CT Page 15821 things without the required unanimous consent of the unit owners: extend and expand Arrowhead's right to complete buildings on the home site units; change the unit boundary definitions contained in the original declaration; reserve the right to perform construction work, complete improvements and have access to the home site units and common elements; create or extend special declarant rights; change the use restrictions for units; change the percentage vote required to alter use restrictions from unanimous to 67 percent of existing owners and 67 percent of home site unit owners; change unit restrictions so that home site units would be subject to less restrictions than other units; and extend the declarant's right to construct improvements in the condominium to forty years.
On August 24, 1995, the plaintiffs commenced this action against the defendants by way of writ, summons, complaint, application for ex parte temporary injunction and order to show cause. Judge Riefberg granted the temporary injunction on December 31, 1996, based on counts one through fifteen of the plaintiffs' second amended complaint, dated October 23, 1995, but conditioned the temporary injunction on the plaintiffs' posting of a $300,000 bond. This court entered summary judgment on January 21, 1999, in favor of the plaintiffs as to sixteen of the twenty-four counts contained in the plaintiffs' second amended complaint.
On March 15, 2000, the plaintiffs filed a third amended complaint realleging only those sixteen counts of the second amended complaint as to which this court had granted the motion for summary judgment.[5] The counts alleged violations of the following: General Statutes § 47-236
(a)[6] (count one); General Statutes § 47-236(d)[7] (count two); General Statutes § 47-203[8] (count three); General Statutes § 47-211[9] (count four); General Statutes § 47-220(b)[10]
(count five); General Statutes § 47-277(a) and (c)[11] (count six); General Statutes § 47-229 (e)[12] (count seven); General Statutes § 47-235(a)[13] (count eight); General Statutes §47-244(b)[14] (count nine); General Statutes § 47-254(a)[15]
(count ten); General Statutes § 47-254(e)[16] (count eleven) General Statutes § 47-263(c)[17] (count twelve); General Statutes § 47-274[18] (count thirteen); General Statutes §47-280(b)[19] (count fourteen); breach of contract (count fifteen); and conversion of topsoil (count sixteen).
The plaintiffs now seek a permanent injunction to prevent the defendants from conveying, selling, mortgaging or in any way encumbering any interest in the subject property, making any applications for city building permits, entering or constructing on the condominium property and from exercising any rights as unit owners for any units or listed common elements alleged to have been created on the condominium CT Page 15822 property. The plaintiffs also seek to dissolve the temporary injunction entered by Judge Riefberg on December 31, 1996, and an order releasing the $300,000 bond securing the temporary injunction.
The plaintiffs also seek three decrees pursuant to this court's summary judgment decision. First, the plaintiffs request a decree, pursuant to General Statutes § 47-31,[20] providing that title to the condominium property, which was subject to the defendants' development rights, the purported sixth amended declaration and the defendants' mortgage, is now held by the condominium unit owners as tenants in common. Second, the plaintiffs seek a decree, pursuant to General Statutes § 52-55,[21] passing title to the condominium property to the condominium unit owners as tenants in common. Finally, the plaintiffs seek a decree, pursuant to General Statutes § 49-13,[22] stating that the mortgage on the condominium property is invalid and, therefore, must be released.
The plaintiffs-seek a permanent injunction to prevent the defendants from conveying, selling, mortgaging or in any way encumbering any interest in the subject property, making any applications for city building permits, entering or constructing on the condominium property and from exercising any rights as unit owners for any units or listed common elements alleged to have been created on the condominium property. The plaintiffs also seek to dissolve the temporary injunction and an order releasing the bond securing the temporary injunction. The defendants argue that the plaintiffs' request for a permanent injunction should be denied because the defendants have filed a notice of intent to appeal this court's summary judgment decision and that entry of a permanent injunction would cause irreparable harm to the defendants.
The party seeking a permanent injunction "has the burden of proving irreparable harm and lack of an adequate remedy at law. . . . The request for injunctive relief is addressed to the sound discretion of the trial court. . . . In exercising its discretion, the court, in a proper case, may consider and balance the injury complained of with that which will result from interference by injunction. . . . The issuance of an injunction and the scope and quantum of injunctive relief rests in the sound discretion of the trier." (Citations omitted; internal quotation marks omitted.) Tomasso Bros. Inc. v. October Twenty-Four, Inc.,230 Conn. 641, 648, 646 A.2d 133 (1994).
The court finds that the defendants' arguments against the permanent injunction are without merit. The defendants argue that they will suffer irreparable harm if the permanent injunction is entered. However, the test for a permanent injunction questions whether the plaintiffs have suffered irreparable harm and lacks an adequate remedy at law, not CT Page 15823 whether the defendants will suffer irreparable harm if the permanent injunction is entered. See id. Morever, the defendants fail to specify the nature and extent of the "irreparable harm" that they allege they will suffer.
In addition, the defendants' argument that the permanent injunction must be denied because the defendants have filed a notice of intent to appeal the summary judgment decision is without merit. Except where otherwise provided by statute or other law, the automatic stay is only in effect during the time to take an appeal and from the time an appeal has been filed until there has been a final determination of the cause. See Practice Book § 61-11(a).[23] The plaintiffs are seeking a prohibitory permanent injunction as opposed to a mandatory injunction. "A prohibitory injunction is an order of the court restraining a party from the commission of an act. A mandatory injunction, on the other hand, is a court order commanding a party to perform an act." Tomasso Bros. Inc. v.October Twenty-Four, Inc., supra, 230 Conn. 652. Permanent prohibitory injunctions are not automatically stayed pending appeal. See id., 658. Thus, it is clear that the defendants' alternative argument against imposing the permanent injunction is without merit.
Certainly, a permanent injunction would be appropriate at this time. In granting the plaintiffs' application for a temporary injunction, Judge Riefberg concluded that "the defendants' actions have caused the plaintiffs to suffer irreparable harm and that money damages may not adequately compensate the plaintiffs for their harm." Arrowhead By theLake Assn., Inc. et al. v. Arrowhead by the Lake, Inc., et al., Superior Court, judicial district of Waterbury, Docket No. 128458 (December 31, 1996, Riefberg, J.). This court adopted the "findings set forth by Judge Riefberg in his memorandum of decision as the law of the case requiring the granting of the plaintiffs' motion for summary judgment as to counts one through thirteen, and fifteen." Arrowhead By the Lake Assn., Inc. v.Arrowhead by the Lake, Inc., Superior Court, judicial district of Waterbury, Docket No. 128458 (January 21, 1999, West, J.). Based upon the findings set forth by Judge Riefberg, this court adopts his conclusion that the plaintiffs have suffered irreparable harm and that there is no adequate remedy at law and, therefore, a permanent injunction is appropriate.
Additionally, the plaintiffs seek three recordable decrees, providing that (1) title to the condominium property that was subject to the defendants' development rights, the purported sixth amended declaration and the defendants' mortgage is now held by the condominium unit owners as tenants in common, (2) the condominium unit owners hold title to the common elements of the condominium as tenants in common, and (3) the mortgage to the condominium property is invalid and, therefore, CT Page 15824 released.
The defendants make several general arguments applicable to all three of the plaintiffs' requests. The defendants argue that the three decrees are inappropriate because the plaintiffs are seeking them pursuant to the third amended complaint. The defendants note that summary judgment was entered with respect to counts contained in the second amended complaint. According to the defendants, if the court were to issue the decrees, they would be pursuant to the third amended complaint, rather than the second amended complaint. The defendants also argue that this court's summary judgment decision was improper because it applied to Rinaldi, Muri and Musano but that these defendants were not addressed in the plaintiffs' motion for summary judgment or by any accompanying affidavits. The defendants argue further that the complaint seeks remedies, in addition to the injunction, that require a hearing pursuant to Practice Book § 17-50.[24]
The defendants' general arguments against the three decrees are without merit. The third amended complaint is the operative complaint and any decrees entered by the court would be pursuant to the third amended complaint. As discussed previously,[25] the doctrine of the law of the case applies, and, therefore, this court's summary judgment decision granted pursuant to the second amended complaint applies to those same counts contained in the third amended complaint.
Further, the defendants' argument that the summary judgment decision improperly applied to Rinaldi, Muri and Musano because they were not addressed in the plaintiffs' motion for summary judgment or by affidavits is also without merit. Rinaldi, Muri and Musano are named defendants in the action and they were, in fact, named in the plaintiffs' motion for summary judgment.
Finally, the defendants' argument that the complaint seeks remedies in addition to the injunction that require a hearing pursuant Practice Book § 17-50 is also without merit. The plaintiffs are not presently seeking any of the other remedies enumerated in their prayer for relief at this time. Furthermore, § 17-50 provides for a hearing in damages when summary judgment has been granted as to liability only and triable issues of fact remain as to the amount of damages. Since the plaintiffs are not seeking damages, § 17-50 is inapplicable. See Napoli v.Forte, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 62094 (December 24, 1998, Flynn, J.) (23 Conn.L.Rptr. 545) ("By its terms, § 17-50 applies to legal actions resulting in a judgment against a defendant for . . . money damages.").
The plaintiffs first request a decree providing that title to the CT Page 15825 condominium property that was subject to the defendants' development rights, the purported sixth amended declaration and the defendants' mortgage is now held by the condominium unit owners as tenants in common. The defendants argue that this request must be denied because § 47-31 requires that in any action to settle title of a claim of interest in real property, a hearing must be held in order for the court to determine the rights of the parties and that such hearing has not been held in this case.
In this case, the court has already entered summary judgment on January 21, 1999, with respect to the fourteen CIOA counts contained in the plaintiffs' third amended complaint.[26] Summary judgment was granted with respect to the following CIOA allegations in the second amended complaint: violation of § 47-236 (a) because the amended declaration was recorded without the required 67 percent vote (count one); violation of § 47-236 (d) because there was a lack of unanimous consent by the unit owners in amending a declaration that creates or increases the special declarant rights or increases the number of units (count two); violation of § 47-203 because the defendants' recorded document was in violation of CIOA (count three); violation of § 47-211 because the defendants' recorded document was in violation of the declarants' obligation of good faith and fair dealing (count four); violation of § 47-220(b) because the buildings in which new units were to be located were not substantially completed and lacked a certificate of substantial completion before the amended declaration was recorded (count five); violation of § 47-227 because the declarants allocated limited common elements without first reserving these rights in the original declaration (count six); violation of § 47-229 (e) because the amended declaration improperly extended development rights (count seven); violation of § 47-235 (a) because the reservation of easement rights for construction had expired (count eight); violation of §47-244(b) because the amended declaration was illegal and ineffective (count nine); violation of § 47-254 (a) because the defendants granted a mortgage of the common elements of the condominium without the required vote of units owners (count ten); violation of § 47-254 (e) because the mortgage granted was improper and void without a vote by the unit owners (count eleven); violation of § 47-263 (c) because the defendants provided a public offering statement that contained materially false and/or misleading statements (count twelve); violation of §47-274 because the amended declaration violated the warranties provided to the plaintiffs by the defendants (count thirteen); and violation of § 47-280 (b) because the defendants failed to restore the land to its natural condition after their special declaration rights had expired (count fifteen).
For the reasons set forth in this court's summary judgment decision, CT Page 15826 this court held that the defendants' purported sixth amended declaration and mortgage of the common elements of the condominium are improper and void. Any development rights that the defendants may have possessed have lapsed because they were not exercised within the time limit described in the declaration and pursuant to § 47-229 (e) or in accordance with the conditions or limitations described in the declaration. Therefore, the plaintiffs' request for a decree, providing that title to the condominium property is now held by the condominium unit owners as tenants in common, should be granted because the defendants' property rights have been annulled by virtue of this court's summary judgment decision and there is no need to address the defendants' arguments requesting a hearing pursuant to § 47-31 because the court already has determined that their interests no longer exist.
The plaintiffs seek a decree, purportedly pursuant to § 52-55, passing title to the condominium property to the condominium unit owners as tenants in common. The defendants argue that no decree should issue because the plaintiffs erroneously have cited an improper statute, namely § 52-55, which has to do with service of process, and nothing to do with the decrees requested by the plaintiffs. Alternatively, the defendants argue that the court first must hold a hearing to determine the unit owners' interest in the condominium property.
"Each unit owner owns an undivided fractional interest in the common elements" of a common interest community. Candlewood Landing CondominiumAssn., Inc. v. New Milford, 44 Conn. App. 107, 109, 686 A.2d 1007
(1997); see also Middletown v. Meadows Associates of Middletown, Inc.,45 Conn. Sup. 261, 265, 711 A.2d 1 (1998) (CIOA provides that unit owners are the owners of the common elements). In addition, General Statutes § 47-226 (a) provides in part that "It he declaration shall allocate to each unit: (1) In a condominium, a fraction or percentage of undivided interests in the common elements and in the common expenses of the association, and a portion of votes in the association. . . ."
The court, within its discretion, can grant the plaintiffs' request for an order providing that the condominium unit owners hold title to the common elements of the condominium as tenants in common because according to § 47-226 (a) of CIOA and the original declaration, the common elements of the condominium already are owned by the unit owners as tenants in common. The only interest owned exclusively by Arrowhead was the development rights, which have lapsed and, therefore, no longer exist. By granting the plaintiffs' decree, the court would be clarifying the unit owners' interest in the condominium and it is not necessary for the court to hold a hearing to determine the unit owners' interest, because these interests have already been determined through this court's summary judgment decision. CT Page 15827
The plaintiffs also seek a decree pursuant to § 49-13, stating that the mortgage to the condominium property is invalid and, therefore, must be released. The defendants argue that this request must be denied because § 49-13 requires that the plaintiffs submit a petition to the court and also requires that the court hold a hearing after such an incumbrance has been declared invalid.
However, the court is of the opinion that it should grant the plaintiffs' request for a decree declaring that the mortgage on the condominium is invalid and, therefore, should be released despite the fact that the plaintiffs request does not strictly fall within the confines of § 49-13[27] because this court has found, in its summary judgment decision, that the defendants' mortgage of the condominium property is void and improper.
In accord with the foregoing, the court grants the plaintiffs' request for a permanent injunction, dissolves the temporary injunction-and releases the $300,000 bond securing the temporary injunction. Further, the plaintiffs' request for a decree, providing that title to the condominium property is not subject to the defendants' development rights, the purported sixth amended declaration and the defendants' mortgage and is now held by the condominium unit owners as tenants in common, is granted because these property rights have been annulled by virtue of this court's January 21, 1999 summary judgment decision. Additionally, the court grants the plaintiffs' request for an order providing title to the unit owners as tenants in common. The court grants this request because CIOA and the original declaration expressly provide that the common elements of the condominium are owned by the unit owners as tenants in common. Finally, the court grants the plaintiffs' request for a decree stating that the mortgage on the condominium is invalid and, therefore, should be released despite the fact that the plaintiffs do not strictly comply with § 49-13 because this court has found, in its summary judgment decision, that the defendants' mortgage of the condominium property is void and improper.
So ordered.
THOMAS G. WEST